McCay, Judge.
It would be a violation of the oft repeated rulings of this Court to reverse the judgment of the Judge of the Superior Court in this case. To a stranger, who does not know the witnesses, the testimony is pretty fairly balanced. And, under the mode of trial provided by law, the proper tribunal for deciding as to the credibility of the witnesses has passed upon it, and we have na power to alter the verdict.
It seems almost absurd to say that the verdict of the jury is without evidence. Whether the verdict ought to be one way or the other, seems to turn entirely upon the weight given by the jury to the principal witnesses. The^r statements are contradictory. Both of them are interested in the *event of the suit; both, indeed, are parties to the suit. If the verdict of a jury is to be set aside because the Court differs from the' jury on the credit to be given to the witnesses, and this, too, when-the witnesses are parties, we see no use for a jury'trial at all. *95 There must be, somewhere, an end to controversy. Our law has provided that, on questions of fact, that end is the verdict of a jury. True, if the jury bring in a verdict displaying that it is not based upon facts and testimony, the Judge of the Superior Court may set it aside; but for a mere difference of opinion as to the credit to be given to this man or that man, the Judge ought not to interfere. Especially is this true if the witnesses be neither of them attacked, and the weight to be given to each is to depend on the mode of testifying and the probability of the account given by each of the transaction. For a difference of opinion between the Judge and the jury in such a case, it is not in the power of the Court to interfere.
To make out a case for our jurisdiction, the jury must not only have acted with passion, under a mistake of law, or clear mistake of fact, but me Judge must, himself, have acted with Want of discretion.
Judgment affirmed.