### CHAPMAN *v.* THE STATE.

1. When on the trial of an alleged accessory before the fact to the crime of arson with respect to a particular house there was evidence warranting a finding that the accused had incited the alleged principal to burn this house and another, evidence tending to show that the latter house was in fact fired on the same night as the former, and by the alleged principal, was admissible.

2. To warrant a conviction of a felony upon the corroborated testimony of an accomplice, the corroborating evidence need not be in and of itself so strong as to support a verdict of guilty, but it must be sufficient to connect the accused with the perpetration of the offense and lead to the inference of his guilt, and more than sufficient to raise a suspicion against him.

3. Where the judge had correctly and fully instructed the jury as to the rule of law above laid down, it is not cause for a new trial that he charged as follows: "If you are satisfied from the evidence, under the rules explained to you, that the defendant and [the alleged principal] did conspire or agree to burn the property alleged in the bill of indictment, then it is for you to say what weight you will attach to the various circumstances illustrating the intention of the defendant, or corroborating the testimony of the accomplice, or going to prove whether or not the defendant continued in that intention ; but if that intention did not remain with the defendant up to the time of the burning, he could not be found guilty as an accessory before the fact."

4. There was no error in admitting evidence; nor in refusing to require a question which had been fully answered to be answered again. The trial judge duly complied with the request of the jury for a recharge on specified points. The testimony of the accomplice was sufficiently corroborated to warrant the verdict.

Argued October 19, — Decided October 29, 1900.

Indictment for arson. Before Judge Prior. Hall superior court. September 11, 1900.

*Estes & Jones, B. H. Hill, W. B. Sloan,* and *J. C. Boone,* for plaintiff in error. *W. A. Charters, solicitor-general, Howard Thompson, C. R. Faulkner,* and *H. H. Dean,* contra.

LEWIS, J. The present case was before this court at the October term, 1899, and is reported in 109 *Ga.* 157. After the reversal of the judgment therein, the accused was placed upon trial on the indictment, one count of which charges him with being accessory before the fact to the crime of arson. He was again found guilty of this offense by the jury, with a recommendation to mercy; whereupon he moved for a new trial, and excepts to the judgment of the court below in overruling his motion.

1. One ground in the motion is that the court erred in allowing the prosecutor, Quillian, while being examined as a witness for the State, to testify, over objection of defendant's counsel, that on the same night his mill was burned he had a gin-house set fire to, but not burned, it having been put out. It is claimed that the setting fire to, or attempting to burn, the gin-house was inadmissible and irrelevant, because there was no allegation in the indictment to warrant such evidence. We think the evidence was clearly admissible. The guilt of Chapman depended upon the guilt of one Priest, who was charged with being the principal offender in committing the crime of arson. It was clearly shown by the testimony that the gin-house was set on fire the night the mill was burned. It was shown that the incendiary must have applied to it a lighted torch of pine, fagots from which were found at the gin-house while it was burning. The scheme which the State claims the defendants entered into was concocted by Chapman, who induced and persuaded Priest to fire the gin-house and the upper mill, promising that if he did so, he (Chapman) would help him not only to pay his fine and costs for selling liquors, but he (Chapman) would also burn the church in that neighborhood, and the lower mill owned

by the prosecutor in this case. It was further shown that Priest set fire to the gin, and his tracks, evidently made the night of that fire, were not only traced to the gin, but from the gin to the mill, and also from the mill up to or near Chapman's house. It was in proof that he went directly from the mill to Chapman's house that night. It is true firing the gin-house is not mentioned in the indictment, the grand jury indicting the defendants for the crime, not of setting fire to the gin-house, but of having entirely consumed by fire a mill-house. There was evidence that Priest, the party charged with setting fire to this house, had been induced by Chapman not only to burn the mill, but also the gin-house. Now, evidence tending to show the gin-house was fired, and there being really no dispute about the fact that it was fired by an incendiary on the same night that the mill-house was burned down, the two houses being located at no great distance apart, was certainly a circumstance for the jury to consider in determining whether or not the burning of the mill-house was also the work of the same incendiary.

2. It was contended by counsel for the accused that, in order to warrant a conviction of a felony on the corroborated testimony of an accomplice, the corroborating evidence should, in and of itself, be so strong as to support a verdict of guilty without taking into consideration the testimony of the accomplice at all; in other words, that it should show his guilt beyond all reasonable doubt, independently of the facts testified to by the accomplice. If this be true, then we see absolutely no sense in the law rendering the testimony of an accomplice competent for any purpose; for it evidently could do no good if it required, in addition to his testimony, enough evidence to convict the accused without it. It is equally true, on the other hand, that if what is claimed as corroborating evidence of the accomplice's testimony is sufficient simply to raise a bare suspicion against the defendant on trial, without in anywise tending to point to his guilt, or to connect him with the commission of the crime, then such additional testimony is not sufficient to sustain a verdict of guilty; for the verdict in such a case would necessarily rest for its support entirely upon the veracity of the accomplice, which the law does not permit. The corroborating circumstances or facts proved should, therefore, relate to some material matter in issue, and not only cast suspicion upon the accused on trial, but should in some way connect him with the crime,

and point to his guilt. It is not necessary, however, that they should point with such force as to authorize the jury to find him guilty independently of the testimony of the accomplice. If there is any material matter in which the accomplice has been corroborated, it is the policy of the law that the jury, in passing upon the guilt or innocence of the accused, should consider the testimony of his alleged accomplice.

3. It will appear from the judge's charge in the record that he had fully instructed the jury as to the rule of law above laid down. In fact, it impresses us that some portions of his charge are susceptible of the construction that he meant to direct the jury they were not authorized to find a verdict of guilty unless the corroborating evidence, or the evidence claiming to corroborate the accomplice, was sufficient to authorize a conclusion of guilt beyond a reasonable doubt, independently of the accomplice's testimony. If there was any error in his instructions on this subject, we think it was against the State, and had a tendency to operate for the benefit of the accused, and, of course, a new trial can not be granted him on account of such a departure in his favor from the law. We therefore think that the charge of the court complained of in one of the grounds of the motion, and set forth in the third headnote, is not cause for a new trial. The court instructed the jury that if they were satisfied from the evidence, under the rules explained to them, that the defendant and the alleged principal did conspire or agree to burn the property mentioned in the indictment, then it was for them to say what weight they would attach to the various circumstances illustrating the intention of the defendant, or corroborating the testimony of the accomplice, or going to prove whether or not the defendant continued in that intention; further instructing them that if that intention did not remain with the defendant up to the time of the burning, he could not be found guilty as an accessory before the fact. It will, therefore, be seen from that charge that the jury could give to the circumstantial evidence referred to any weight they saw proper; but they must first be satisfied that a conspiracy had been formed between the principal and the alleged accessory, and, under the rule given by the court, that conspiracy could not be proved upon the testimony of the accomplice alone. In fact, proof of the conspiracy amounted to establishing the crime itself against the defendant; and if there was any

error in the charge complained of, it was rather against the State than the accused.

4. There are several other grounds in the motion for a new trial, some of which were covered by rulings of this court when the case was here before, and, of course, it is unnecessary to further consider the questions therein dealt with and decided. After a careful examination of the record and grounds in the motion for a new trial, we can discover no error in the admission of testimony. One ground of the motion was that the court erred in refusing to require a witness to answer a question propounded by defendant's counsel. It appears from the record that this same question had already been thoroughly and fully answered by the same witness during the course of his examination in the trial of the case. It was certainly no error of law to refuse to require a repetition of the testimony. Another ground in the motion was because the court erred in his recharge, or second charge, to the jury after they had retired to consider the case and were brought back into court for an additional charge at their own request. When the jury returned into court, the judge asked whether they had agreed on a verdict, whereupon a member of the jury replied no. The court then asked whether there was any trouble in the evidence or law, when the foreman of the jury replied, "The jury seems to want to be recharged on the question of confessions of Reuben Priest, and to know if evidence must be found outside of evidence of Reuben Priest, or the confession, to find a verdict of guilty." Whereupon the court said to the jury: "That is what I charged the jury, about what your statement is," and he added the following instruction: "If there is any evidence as to confessions by Reuben Priest — whether it is freely or voluntarily made is for you to say, you can only consider that confession solely and alone as to the guilt of the main defendant Reuben Priest, and not as against the defendant now on trial." Error is alleged because the court did not instruct the jury as to whether or not the defendant Chapman could be convicted on the evidence of Priest alone, or whether there must be other evidence or corroborating circumstances tending to fix the guilt of the defendant Chapman before they could consider the evidence of Reuben Priest for that purpose. We do not think the language objected to susceptible of any such meaning, but, on the contrary, he reiterated in general terms the charge he had given

the jury on this subject, that the defendant could not be convicted upon the testimony of the accomplice alone, but it had to be corroborated by other evidence. The question upon which they desired special instruction was as to Priest's confession, and as to whether it needed corroboration in order for them to believe it; and he particularly instructed them that in no event could they use the confession of Priest against the defendant, but only as evidence tending to establish the guilt of the principal. We think, therefore, he duly complied with the request of the jury for a recharge on the point specified.

After a careful review of the entire testimony, we think the evidence of the accomplice touching the guilt of this defendant as an accessory before the fact was sufficiently corroborated by the other facts and circumstances in the case to warrant a conviction of the accused. We therefore refuse to interfere with the judgment of the court below in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*