Hudson v. State.

---

JOHN HUDSON V. STATE OF NEBRASKA.

FILED OCTOBER 16, 1914. No. 18,632.

1. **Rape: SUFFICIENCY OF EVIDENCE.** Evidence *held* to support the verdict.

2. ———; EVIDENCE OF OTHER ACTS: ADMISSIBILITY. In a prosecution for rape with consent, proof of other acts of intercourse occurring shortly after the time of the act charged is admissible, and the weight of such evidence as matter in corroboration is for the jury to determine.

3. ———: ———: CORROBORATION. While the prosecuting witness alone cannot furnish corroboration by her statements or testimony as to such

other acts, still, if her testimony in connection with other facts and circumstances in evidence convinces the jury that such took place, the whole of the proof is proper to be considered, and it is not erroneous to admit the testimony of the prosecutrix as to such acts and to allow it to go to the jury under a proper instruction.

4. **Criminal Law:** REFUSAL OF CAUTIONARY INSTRUCTION. A cautionary instruction as to the testimony of a sheriff *held* properly refused. *Keezer v. State,* 90 Neb. 238.

ERROR to the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed as modified.*

*George A. Adams,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

LETTON, J.

Plaintiff in error, a young man about 21 years old, was convicted of the offense of rape without violence upon one Anna Weise, a girl of 14 years of age. He was convicted and sentenced to a term of seven years in the penitentiary.

1. It is contended that the evidence is insufficient to sustain the verdict. The argument is that the story of the prosecuting witness is so uncertain that no reliance should be placed upon it, and that it was induced by pressure upon her mind and by statements made by the prosecuting officers. An examination of the testimony clearly shows that this assignment cannot be sustained. The girl told a plain and connected story as to how she became acquainted with the defendant and as to the occasion upon which the sexual intercourse took place. It is true that upon cross-examination, apparently under a misapprehension of their purport, she gave affirmative answers to a number of leading questions propounded by counsel for defendant as to what was said to her by certain prosecuting officers, and which replies were somewhat inconsistent with her original testimony; but these she corrected afterwards. Taking her testimony as a whole, corroborated as it is by the testimony of the defendant himself as to their first meeting, and to the fact that she

was in his room several times at about the time when the act is charged to have been committed, and considering the further corroboration furnished by his voluntary admissions, the evidence seems amply sufficient to sustain the verdict.

2. It is complained that instructions 7, 8 and 14 were erroneously given. It is unnecessary to set these forth in this opinion, since the language used in each of them has repeatedly been approved by this court.

3. Error in permitting the state to prove by the prosecuting witness that the accused had had sexual intercourse with her at other times than that at which the charge in the information is laid is also assigned. There can be no doubt that proof of facts and circumstances tending to show other acts of intercourse about the time charged in the information is properly admissible in cases of this nature. *Leedom v. State,* 81 Neb. 585; *Woodruff v. State,* 72 Neb. 815. This evidence, in order to be corroborative in character should proceed from other sources than from the prosecutrix alone. If a witness testifies that criminal intercourse was had upon one day, the fact that she testifies that a like act was had upon another occasion does not corroborate her testimony. *Boling v. State,* 91 Neb. 599. The evidence was admissible as a part of the proof of other acts, but its value as matter of corroboration was for the jury. The court instructed the jury that the prosecuting witness could not corroborate herself by statements of other acts, and thus the interests of the defendant were protected. If, taken with the other evidence as to such acts, the jury believed that such intercourse occurred, it was proper to be taken into consideration.

4. Complaint is also made that the court erred in refusing to give instruction No. 5 asked by defendant. This was a cautionary instruction with respect to the testimony of police officers, detectives, constables, and sheriffs. The court properly refused to instruct as requested. No policeman, detectives or constable had testified, and the refusal

to so instruct was entirely proper. *Keezer v. State*, 90 Neb. 238.

We have considered each of the errors assigned and feel convinced that the defendant was rightfully convicted. His own testimony convinces us of this when viewed in connection with the other facts in the case.

The severity of the sentence is complained of. The defendant is only 21 years of age, and while in the argument and in the brief of the state, statements are made as to defendant's character, which, if disclosed by the record, might perhaps justify the sentence, we are convinced that the term of seven years is too severe a punishment when all the facts in this case are considered and when the immaturity of mind and the mental traits of the defendant are borne in mind. We believe that the ends of justice will more properly be subserved by reducing the term of sentence of the defendant to three years. The judgment of the district court is so modified, and as modified is affirmed.

AFFIRMED AS MODIFIED.

ROSE, J., not sitting.