## McLAURIN v. STATE.

[92 South. 289. In Banc. No. 22527.]

RAPE.  *Uncorroborated testimony of prosecutrix sufficient for conviction.*

The provision that no person shall be convicted upon the uncorroborated testimony of the injured female contained in chapter 171, Laws 1914 (Hemingway's Code, sections 1093 and 1094), which provides for the punishment of any made person having carnal knowledge of any unmarried female person, etc., cannot be applied in a prosecution for rape under chapter 171, Laws 1908 (Hemingway's Code, section 1092), which contains no such provision.

APPEAL from circuit court, Smith county.

HON. W. H. HUGHES, Judge.

Shelby McLaurin was convicted of rape, and he appeals. Affirmed.

*E. M. Lane,* for appellant.

With reference to the first assignment of error we desire to say that the three instructions Nos. 6, 7 and 8, which were asked for by the defendant and which were refused by the court, are of the same general tenor and purport.  We appreciate the fact that section 1094 of Hemingway's Code deals with rape where the age of consent enters into it; in the latter part of this section the following words are found: "No person shall be convicted upon the uncorroborated testimony of the injured female."

We believe that this pronouncement of the law should and does apply even though the party alleged to have been assaulted was above the age of consent.  There is just as much reason to believe thet a woman above the age of consent would fabricate a story and manufacture evidence to incriminate a man on a charge of rape as one who had not reached the age of consent, and in our judgment a woman

above the age of consent would be more likely to do this than one who had not arrived at that age. *State* v. *Bradford*, 89 So. 767.

We submit that if the court does not make section 1094 of Hemingway's Code elastic enough to cover cases where the age of consent has been reached, that great latitude would be afforded to vicious women to prosecute any man who came under their displeasure. Of course it is upon the theory that the testimony of the prosecuting witness is uncorroborated. We submit in the light of this record that the testimony of Mrs. McCollum stands wholly uncorroborated. *Monroe* v. *State*, 13 So. 884; *Ashford* v. *State*, 33 So. 174.

We desire to say that if this negro Shep. McLaurin, is guilty of the offense charged he deserves to die on the gallows, but after having analyzed the testimony and the pronouncements of the courts, in cases similar to this, we cannot escape the conclusion that if the verdict in this case is permitted to stand and this defendant is called upon to pay the price of his life for the commission of the alleged crime, an injustice will have been done. No white man, in our judgment, being tried for the same offense and confronted with the same testimony would have been convicted. Shep. McLaurin, although a negro, is entitled to the benefit of every doubt and to every reservation in the law to which you or I would be entitled.

*Wm. Hemingway,* assistant attorney-general for state.

This indictment was drawn under Hemingway's Code, section 1092, which does not require that the evidence of the party assaulted should be corroborated. There are no contradictions as to the facts, there being only two witnesses, Mrs. McCollum and her physician, Dr. McWhorter. Mrs. McCollum's testimony is not contradicted in any particular. She called for the physician at once but did not state the cause of her condition at that visit, but did at the one three or four days later. There is no question as

to the law of this case, and the court's attention is called to the following: *Allen* v. *State*, 45 So. 833; *Hogan* v. *State*, 46 Miss. 274.

It will be noted in the Hogan case that the time which elapsed between the commission of the crime and the report was from Sunday until Friday, a longer period than in this case. Further, as to there not being necessity for the corroboration of the testimony, see *Mannie Rawls* v. *State*, 105 Miss. 406; 62 So. 420. See also, Wharton's Criminal Law, vol. 1, (1 Ed.), 907. And McClean on Criminal Law, vol. 1, sections 458 and 459.

If the foregoing cases are applicable, and they are believed to be directly in point, then the refusal of the instruction asked by defendant is not error. While corroboration might be required at some times, in the thinly settled districts of Mississippi, where two races are living, unless we have this statute, it would mean the acquittal of many a guilty person.

Smith, C. J., delivered the opinion of the court.

The appellant was convicted of rape and sentenced to be hung. The only two witnesses who testified were the injured female and a physician whose testimony is unimportant. The grounds on which the appellant seeks to reverse the judgment are: First, that the testimony of the injured female is not corroborated; and, second, that it is otherwise insufficient to support the verdict.

The appellant was indicted and convicted of forcibly ravishing the prosecutrix under the provisions of chapter 171, Laws of 1908 (Hemingway's Code, section 1092), and his counsel admits, as of course he must, that under the rule heretofore in force in this state a defendant may be convicted under this statute on the uncorroborated testimony of the injured female, but contends that, since chapter 171, Laws of 1914 (Hemingway's Code, sections 1093 and 1094), was enacted, which provides for the punishment of "any male person who shall have carnal knowledge of any un-

married female person of previously chaste character younger than himself, and over twelve and under eighteen years of age," etc., also provides that "no person shall be convicted upon the uncorroborated testimony of the injured female," the same rule should be applied to convictions under the former statute; but this we are without the right to do, for each statute deals with a separate offense, and the second contains no provision with reference to the testimony necessary to support a conviction.

The evidence, the setting out of which would serve no good purpose, was, if believed by the jury, sufficient to support a conviction.

Affirmed. Sentence to be executed on Friday, August 11, 1922.

*Affirmed.*