PIERCE *v*. THE STATE.

No. 6543. NOVEMBER 17, 1928.

*D. W. Mitchell* and *J. M. Lang,* for plaintiff in error.
*George M. Napier, attorney-general, John C. Mitchell, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

RUSSELL, C. J. The plaintiff in error was jointly indicted with J. D. Puryear Jr., for the offense of rape. The female alleged to have been raped was a young girl of sixteen years, who testified that after being forced down to the ground by the plaintiff in error, she was held by Puryear while the accused had sexual intercourse with her forcibly and against her will. She testified that the plaintiff in error was seeking to overpower her for the purpose of having sexual intercourse, but she had successfully fought him off until Puryear came to where they were, and at the request of her assailant held her firmly down on the ground while the defendant, Pierce, satisfied his lust and silenced her voice by choking her. The defendant in his statement and Puryear on oath denied the statement of the injured girl; but she was corroborated by the testimony of a physician who examined her body two days after the alleged assault, by another girl who was a member of the party in the "joy ride" in the course of which the tragedy occurred, by her torn and bloody underwear, and by blood upon the bed on which she rested in the night of the occurrence, after her return home. There was also uncontradicted evidence of the previous good character of the alleged injured female.

■ The credibility of the witnesses is a matter exclusively for the jury. The jury would have been authorized by the testimony in behalf of the accused to acquit him. They were equally authorized by the testimony to convict him. For this reason there is no merit in the general grounds of the motion for a new trial, which was overruled by the trial judge.

■ The motion for new trial contained four additional grounds, complaining in two instances of alleged errors in the admission of testimony, of alleged error in the charge of the court, and of a refusal of the court to give a requested instruction preferred by the defendant. None of these special grounds require the grant of a new trial.

The court admitted the testimony of Mrs. Hayes, the mother of the injured female, who testified: "When I got home I seen there was something wrong. I went to make up the bed and saw the shape the bed was in, all over the sheet there was a place as big as my two hands, a place of blood. I knew there was nothing the matter with her." The objection offered by the defendant's counsel was that the "evidence was based on hearsay so far as con-

necting Madeline with having slept in the bed," inasmuch as the witness did not see the girl in the bed. The evidence which was objected to is evidence of a fact relating solely to the bloody condition of a bed. The witness did not purport to swear that her daughter Madeline had slept in the bed, or that Madeline had told her she slept in the bed. For proof of that fact the jury had the testimony of Madeline herself. The objection is without merit, because it is only one of many instances where one fact in a chain of circumstances must necessarily be proved by one witness and another by a different witness, or where a witness may truthfully corroborate one fact testified to by another witness, though he may have no knowledge whatever of many other things to which that witness may have testified.

■ The court admitted the testimony of the same witness, that she "went into the bathroom and found a pair of bloomers that had been sorter washed and laid down there, rolled up in a paper. Before I left home I had taken all her clothes and washed them out. Everything was clean. Those bloomers that had been washed were bloody, and had a mighty bad smell about them." The objection offered by the defendant was, "that, as the witness had testified she did not see the clothes on the girl, the evidence was inadmissible and that the same was based upon hearsay." This witness, the mother of the girl, purported to swear from her knowledge of her child's clothes. She undoubtedly did know her child's clothes, or it was at least a question for the jury as to whether she did or did not. This being so, what we have just said in the preceding division applies to the evidence objected to in the fifth ground of the motion for a new trial. The witness only testified that the clothes were bloody. Whether they were bloodied in the alleged assault or otherwise had to be ascertained by the jury from testimony of another witness. As to both the fourth and fifth grounds, the court in an explanatory note states that the objection was not made in either instance at the time the testimony was given by the witness, but subsequently thereto and before cross-examination of the witness. It is questionable whether these objections did not come too late, under a strict construction of the rule that the objection must be made at the time the testimony is offered. However, with extreme liberality, and treating the ob-

jection as being in the nature of a motion to exclude the testimony, the fact still remains that the testimony was admissible.

The court charged the jury, "If you find there are material conflicts in the evidence, conflicts about material matters, you ought to endeavor to reconcile such conflicts so as to make each of the witnesses speak the truth, without imputing perjury to anybody, as the law presumes them all to be truthful unless they are contradicted by other witnesses." While the latter clause, "as the law presumes them all to be truthful unless they are contradicted by other witnesses," might well have been omitted, the sentence as a whole is such a correct statement of the law as not to be subject to objection as prejudicial to the accused. It is not subject to the specific objection made by the movant, as being an expression of opinion by the court by reason of excluding from the jury a consideration of the statement of the defendant, nor does it impinge upon the right of the jury to disbelieve the testimony of any witness because of its unreasonableness; because the reasonableness or unreasonableness of testimony as a criterion by which to appraise its credibility is an entirely different subject.

In the seventh ground of the motion complaint is made that the court erred in refusing to give the following requested instruction, which was timely presented: "Defendant insists that the prosecuting female witness did not report the injury alleged to have been inflicted upon her to her parents for two or three days thereafter, and did not tell her mother about the same at the first opportunity, and that this is a circumstance for your consideration. It is your duty to look to all the evidence before you, and if you find that said witness did not report said alleged injury to her parents at the first opportunity, this is a circumstance for you to consider in determining the guilt of innocence of the defendant." The ruling upon this ground of the motion is contained in the fifth headnote. *Judgment affirmed. All the Justices concur.*