12584

STATE v. TYLER *ET AL.*

(146 S. E., 684)

*Messrs. Sherwood & McMillan,* for appellant,

February 8, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

"The defendants-appellants D. K. Tyler and G. F. Shannon were tried in the Court of General Sessions for Horry County at the March term, 1927, under an indictment charging them with assault and battery with intent to kill and murder one Spence Doyal. Both were convicted of this charge. Their attorneys made a motion for a new trial which was refused, and they were duly sentenced. Notice of appeal from the judgment and sentence of the Court was given in due time."

There are nine exceptions, and appellants say they raise four general points:

"(1) Error in refusing to grant defendants' motion for a new trial.

"(2) Error in excluding testimony.

"(3) Error in permitting Solicitor, over defendants' objection, to argue matters not in evidence.

"(4) Error in the Court's charge to jury:

"(a) Charge on facts.

"(b) Failure to charge defense of alibi and not sufficiently declaring the law.

"(c) Overstated burden of proof in self-defense.

"(d) Limited and incomplete definition of assault and battery of high and aggravated nature.

"(e) Inconsistent and contradictory instructions."

As to error in excluding testimony: The record shows that on the question being asked, and on which this exception is based, the solicitor made the following objection, which is undisputed in the record in the case: "He asked the question on direct examination and I went back and asked the same question and now we have statements made to both of us."

The statement by the Court on this objection clearly shows that the matter had been gone into fully before; the Court said: "You cannot ask in reply again now." This clearly shows that the matter had fully been gone into before, and the Court would not permit the asking of the question for the third time; it was not error on the part of the Court in refusing to do so. *Tucker v. Buffalo Cotton Mills,* 76 S. C., 539, 57 S. E., 626, 121 Am. St. Rep., 957; *Chapman v. State,* 112 Ga., 56, 37 S. E., 102; *Smith v. Board of Commissioners of Lexington,* 176 N. C., 466, 97 S. E., 378.

As to refusing motion for a new trial about the affidavit: The Court in passing upon the objection made the following statement: "I didn't understand he was discussing an affidavit. My recollection is that you

yourself brought out the fact that they had an affidavit from the boy." This clearly shows that the Court recognized the fact that this line of testimony had been brought out by the defense, and surely the Solicitor had the right to make reference to this matter in his argument to the jury.

There is nothing in the record to show that the solicitor's argument referred to the contents of an affidavit or referred to any matter that was not in evidence and that constituted improper argument.

As to the failure to charge as to the alibi: The Judge's charge as a whole was clear and comprehensive; he charged that the parties must be present aiding and abetting, and, if his charge did not cover all the law of the case, the attorneys should have requested him to charge the law as to an alibi.

We see no error at all as made by the exceptions, and the exceptions are overruled and judgment affirmed.

Messrs. Justices Cothran, Blease, Stabler and Carter concur.