# GRIFFITH *v.* THE STATE.

PER CURIAM. 1. The act of July 31, 1918 (Ga. L. 1918, p. 259), providing, among other things, that any person having sexual intercourse with a female under the age of 14 years shall be guilty of rape, and "that no conviction shall be had for said offense on the unsupported testimony of the female in question," was intended to apply only to cases where the act of intercourse is accomplished with the actual consent or acquiescence of the female and is to be treated as rape merely because the female is under the age of consent as therein specified. Accordingly, the statute referred to did not change the rule as to the necessity of corroboration in cases not falling within its provisions. Under the evidence, the present case is not one to which the act of 1918 is applicable, and for this reason does not require any decision as to the degree of corroboration essential under the provision of the act as quoted; but any question as to the necessity of corroboration or as to the sufficiency of the evidence in the particular case must be determined without reference to that statute. See, in this connection, *Connell* v. *State*, 153 *Ga.* 151 (6) (111 S. E. 545); *Cofer* v. *State*, 163 *Ga.* 878 (3 *c*) (137 S. E. 378); *Chapman* v. *State*, 112 *Ga.* 56 (2) (37 S. E. 102); Bledsoe *v.* State, 135 Tenn. 143 (185 S. W. 1073); People *v.* Downs, 236 N. Y. 306 (140 N. E. 706); McLaurin *v.* State, 129 Miss. 362 (92 So. 289); 52 C. J. 1102.

2. Under the rule laid down by the majority in *Davis* v. *State*, 120 *Ga.* 433 (48 S. E. 180), there can be no conviction of the offense of rape on the uncorroborated testimony of the female. This rule will be followed in the present case. See also *Vanderford* v. *State*, 126 *Ga.* 753 (6) (55 S. E. 1025); *Smith* v. *State*, 161 *Ga.* 421 (7) (131 S. E. 163); *Fields* v. *State*, 2 *Ga. App.* 41 (58 S. E. 327).

3. Where the female alleged to have been raped was a schoolgirl, and testified that on being excused by her teacher to answer a call of nature she repaired for that purpose to a nearby building, where the defendant surprised and seized her and accomplished the act of intercourse forcibly and actually against her will, with the result that she was hurt and bruised and her underclothing torn, and that she at once reported the occurrence to her teacher; but where the teacher who was also introduced as a witness testified that the girl had made no such complaint to her, and testified to no other corroborating fact or circumstance, and there was no other testimony tending to show complaint, the asserted fact of complaint, being dependent for its proof solely upon the testimony of the female, did not constitute a corroboration of this witness. Boling *v.* State, 91 Neb. 599 (136 N. W. 1078); Hudson *v.* State, 97 Neb. 47 (149 N. W. 104); Hagedorn *v.* State, 199 Iowa, 1068 (203 N. W. 240); 52 C. J. 1104-5.

4. The testimony of the mother that the girl complained to her at a time which was about seven weeks after the alleged commission of the offense, together with testimony of a physician that shortly after such complaint he, at the request of the girl's parents, examined her person and found that the hymen had been ruptured, but that he could give no opinion as to whether this condition was caused by an act of intercourse, did not, in view of the long and unreasonable delay, amount to any degree of cor-

roboration; and there being no evidence which tended more in the direction of corroboration than that which is referred to in this and the preceding paragraph, the verdict of guilty depended solely upon the uncorroborated testimony of the female; and under the ruling in *Davis* v. *State*, supra, the conviction was unauthorized.

5. The special grounds of the motion for a new trial do not show reversible error.

*Judgment reversed. Beck, P. J., and Bell, J., concur. Atkinson and Hill, JJ., concur in the judgment. Russell, C. J., and Gilbert, J., dissent.*

No. 9058. FEBRUARY 22, 1933.

*F. W. Copeland* and *S. W. Fariss,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, M. Neil Andrews, solicitor-general, T. R. Gress, assistant attorney-general,* and *Horace D. Shattuck,* contra.

BELL, J., concurring. The writer is authorized to say that the rulings made in the first paragraph of the syllabus represent the views not only of himself and Mr. Presiding Justice Beck, but also of Mr. Chief Justice Russell and Mr. Justice Gilbert, notwithstanding the two last named are dissenting from the other rulings as to the necessity of corroboration and from the judgment of reversal. If the present case is not one to which the act of 1918 is applicable, the question arises as to whether the case should be governed by the rule enunciated in *Davis* v. *State,* 120 *Ga.* 433 (supra), to the effect that a conviction of the offense of rape can not be had on the uncorroborated testimony of the female. The ruling so made was not by a full bench; and there being no unanimous decision by this court to the same effect, the Justices would be free, so far as precedent is concerned, to lay down a different doctrine at any time a majority might deem it proper to do so. The writer, to whom the question is now for the first time presented, is not entirely satisfied with the soundness of the decision in the *Davis* case. See Noonan *v.* State, 117 Neb. 520 (221 N. W. 434, note), and cit.; 60 A. L. R. 1124, 52 C. J. 1039, § 131. There are certain considerations, however, which constrain him to apply the rule in the present case, regardless of its correctness. The decision in the *Davis* case has been followed by the profession and by the trial courts, passively at least, for more than a quarter of a century; and if the writer alone should join the ranks of the present dissenting Justices, such action would result only in an evenly divided bench,

causing the present judgment and others of like kind to be affirmed by operation of law and creating confusion as to the proper rule to be followed. It is deemed more desirable to apply the doctrine of that case than to attempt to overthrow it, when the effort to do so could result only in an even division of the Justices.

Furthermore, the present case was tried upon the theory that corroboration was necessary. The attorneys on each side proceeded upon that assumption, as did also the trial judge. Neither the solicitor-general nor the attorney-general has contended that corroboration was unnecessary, but the contrary has been impliedly conceded. In these circumstances it would hardly be a fair disposition of the case, either for the court to hold that corroboration was unnecessary and thereby affirm the judgment, or for the judgment to be affirmed in consequence of an evenly divided bench. Since the writer is of the opinion that the rule of the *Davis* case should be applied in the case at bar for the reasons stated, he deems it unnecessary to commit himself at this time as to whether the rule is sound or unsound as a legal principle, and that question remains open so far as the writer is concerned.

ATKINSON and HILL, JJ., concur in the judgment of reversal. Independently of the act of 1918, the defendant could not be convicted on the uncorroborated testimony of the alleged injured female. *Davis* v. *State,* 120 *Ga.* 433 (supra).

GILBERT, J., dissenting. It may be useful to state the reasons for the opinion that under the law of Georgia one may be convicted of the crime of rape on the uncorroborated testimony of the injured female, in cases not affected by the act of 1918 (supra). All witnesses are presumed to speak the truth. "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except treason) corroborating circumstances may dispense with another witness." Penal Code (1910), § 1017. That section declares the general rule, and further says: "Exceptions to this rule are made in *specified* cases." It then proceeds to specify in detail what the exceptions are. They are (1) "to convict of treason or perjury." Obviously this does not affect the rule in the present case. (2) "In any case of felony where the only witness is an accomplice." Is the injured female, in the case

of rape, an accomplice? To ask the question would seem to be a sufficient answer. However, this court has decided that the female who has been seduced is not the accomplice of the seducer. *Keller* v. *State*, 102 *Ga.* 506, 511 (31 S. E. 92). That being established, it is beyond my power to conceive how a female who has been raped is an accomplice of the raper. Seduction is accomplished by persuasion and fraud. Rape is accomplished by force. Certainly if the woman who is defrauded is not an accomplice, the one who is outraged by force simply could not be. In *Stone* v. *State*, 118 *Ga.* 705, 709 (45 S. E. 630, 98 Am. St. R. 145), this court held: "It must appear that the witness is an accomplice, before the law relating to accomplices can be invoked; and according to the rule laid down in many approved cases and expressly adopted in *Keller* v. *State*, 102 *Ga.* 506 [supra], he is only such when it is shown that he could have been tried as principal or accessory in the offense under investigation. Others may be, but the woman can not be an accessory to seduction or rape of herself. For her to aid in the rape or to procure some one to seduce her negatives the existence of the essential element of such crimes."

No other provision in the Penal Code affords the slightest support of the contrary theory contended for; that is, that the rapist can not be convicted on the uncorroborated testimony of the injured female. Moreover, it is provided that corroborating circumstances may dispense with another witness, except in treason. Really there has been no attempt in this State to name any statute of Georgia as a basis for the contention that a rapist can not be convicted on the uncorroborated evidence of the injured female. The contention is based upon certain remarks of Lord Hale. I do not understand that it has ever been contended that these remarks were intended to utter any established principle of the common law. "At common law one could be convicted on the uncorroborated testimony of an accomplice." *Stone* v. *State*, supra. "While the oft-repeated observation of Lord Hale as to rape cases is entirely proper by way of argument to the jury, it is not a fitting charge by the court." *Black* v. *State*, 119 *Ga.* 746 (3) (47 S. E. 370). In both of those cases six Justices concurred. It must readily be admitted that the jury, in fixing the credibility of the injured female, may and should consider all the circumstances appearing in the case; among them, her character for chastity, whether she made outcries,

whether there were other evidences of violence, and in general any and all legitimate circumstances. But it is not conceivable, in view of the adoption of the Penal Code, § 1017, that this State ever intended to adopt the hard and fast rule that in no case could one be convicted of rape on the uncorroborated testimony of the injured female. Much has been said and written on these and other sayings of Sir Matthew Hale, and many fallacious conclusions drawn. Lord Hale (P. C. 631) wrote: "The party ravished may give evidence upon oath, and is in law a competent witness; but the credibility of her testimony, and how far she is to be believed, must be left to the jury, and is more or less credible according to the circumstances of fact that concur in that testimony." This does not materially differ from our law in regard to the credibility of witnesses, and, indeed, may be considered as identical. Then he proceeds to illustrate as follows: "For instance, if the witness be of good fame, if she presently discovered the offense," etc., etc., "these and the like are concurring evidences to give greater probability to her testimony, when proved by others as well as herself." "But, on the other hand, if she concealed the injury for any considerable time after she had opportunity to complain . . she made no outcry . . these and the like circumstances carry a strong presumption that her testimony is false or feigned." Further in this connection he says: "Rape is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, tho never so innocent." He then relates several extraordinary cases of malicious prosecution for this crime tried before him in the Sussex and Northampton assizes, "wherein the parties accused, with some difficulty, escaped." These were words of caution, and not rules of law, and especially applied in measuring the admissibility of evidence touching the reputation for chastity of the party alleged to have been ravished.

In *Camp* v. *State,* 3 *Ga.* 417, 421, 422, these principles were first discussed by our Supreme Court, this being a case of assault with intent to rape. Here the discussion related to the admissibility of evidence of character for chastity. The conclusion was reached, as it was in England, that reputation of general bad character or that the prosecutrix is a common prostitute is admissible, but specific acts are not. "The degree of evidence which in this case ought to satisfy the jury of the defendant's guilt

depends upon the circumstances of each case, and can not be re-duced to specific rules." What is here said is in harmony with the rule in most of the States of the Union; that is, in the absence of a statute to the contrary, a conviction of rape may be sustained on the uncorroborated testimony of the prosecutrix. The states so hold-ing are as follows: Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Mississippi, Missouri, Montana, New Mexico, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Washington, West Virginia, and Wyoming. For a collection of decisions in all of these States, as well as for decisions in States holding to the contrary, or in which the decisions are modified by local statutes, I refer to 60 A. L. R. 1125. And see the dissenting opinions in *Davis* v. *State,* 120 *Ga.* 436 (supra), and *Johnson* v. *State,* 160 *Ga.* 77, 79 (127 S. E. 285).

RUSSELL, C. J. concurs in the foregoing dissent.