PYLANT *v.* THE STATE.

BELL, Justice. 1. The statement by the defendant's attorney in reference to testimony given by a witness for the State, "I don't see the relevancy of that." did not amount to an objection; nor did the question, "Does my brother intend to go into character?" referring to other testimony.

(a) The statement, "We object," was insufficient as an objection to evi-dence, no specific ground of objection being urged.

(b) In connection with the foregoing, see *Chambers* v. *Walker,* 80 *Ga.* 642 (9, 10) (6 S. E. 165); *Edenfield* v. *Brinson,* 149 *Ga.* 377 (4) (100 S. E. 373); *Annunciatio* v. *State,* 176 *Ga.* 787 (5) (169 S. E. 3); *Wimberly* v. *Toney,* 175 *Ga.* 416 (6) (165 S. E. 257); *Barrett* v. *Barrett,* 177 *Ga.* 190 (3), 195 (170 S. E. 70).

2. On a prosecution for the offense of rape, where it was claimed by the State that the defendant committed the offense by having consensual sexual intercourse with a female under the age of fourteen years (the defendant's own daughter), it was not error to refuse to allow the defendant's attorney to ask such female on cross-examination whether she was acquainted with a named boy, or whether she did have "some boy friends;" the stated purpose of such interrogation being to show other acts of intercourse by such female. Whether or not any evidence would have been admissible for that purpose (see *Latimer* v. *State,* 188 *Ga.* 775, 4 S. E. 2d, 631), the testimony which the defendant sought to elicit would not have tended to establish the contention made. Nor did the court err in refusing to allow the attorney to ask the same witness whether another girl, naming her, had accused the latter's father of "the same thing."

3. While the period of limitation in such case is seven years (Code, § 27-601 (2)), and the judge thus erred in charging the jury that if the offense was otherwise proved it would be sufficient to show that it was com-mitted at any time before return of the indictment, yet since the evi-

588

dence showed clearly and without dispute that if the defendant was guilty at all, the offense was committed within less than seven years before return of the indictment, the error was harmless. Compare *Morris* v. *State*, 179 *Ga.* 519 (176 S. E. 395).

4. The conviction of the accused did not depend upon the "unsupported testimony" of the female (Ga. L. 1918, p. 259, Code, § 26-1304), but other witnesses testified to circumstances which the jury were authorized to find sufficiently corroborated her testimony. See, in this connection, *Wright* v. *State*, 184 *Ga.* 62, 68 (190 S. E. 663); *Smith* v. *State*, 189 *Ga.* 169, 173 (5 S. E. 2d, 762). On account of relationship of the parties and other circumstances, including explanation for delay in making complaint, the present case differs on its facts from *Griffith* v. *State*, 176 *Ga.* 547 (168 S. E. 235), where, although the prosecution was not based on the act of 1918, supra, it was held by four Justices that corroboration was necessary and that no sufficient corroboration appeared.

5. The evidence authorized the verdict, and the court did not err in refusing a new trial.  *Judgment affirmed. All the Justices concur.*

No. 13465. FEBRUARY 13, 1941.

*D. F. Black* and *H. A. Sappington,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Roy Leathers, solicitor-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.