### LEE v. THE STATE.

JENKINS, Presiding Justice. 1. Under the established rule in this State, the penetration of the female sexual organ by the sexual organ of the male, which is necessary to constitute rape, need be only slight; it is not necessary that the vagina shall be entered or the hymen ruptured, but an entering of the anterior of the organ, known as the vulva or labia, is sufficient. *Morris* v. *State*, 54 *Ga.* 440, 441; *Ravenel* v. *State*, 153 *Ga.* 130 (2) (111 S. E. 643); *Hall* v. *State*, 29 *Ga. App.* 383 (1-*a*) (115 S. E. 278); 44 Am. Jur. 903, § 3; 52 C. J. 1015, § 24. A compliance with this element of the statute was sufficiently shown by testimony of the victim, fourteen years of age, as to an interior injury, soreness, and pain, with testimony of the examining doctor that, although there had been no penetration through the hymen into the vagina, he found an abrasion in the mucus membrane "on the lower fold of the vagina," which in his opinion "would require some slight penetration of the vagina to cause."

2. Assuming that it is still the rule, as held by a majority of the Justices in *Davis* v. *State*, 120 *Ga.* 433 (48 S. E. 180), that there can be no conviction of any rape unless the testimony of the female is corroborated—even though the only express statutory provision to that effect, as contained in the act of 1918 (Ga. L. 1918, p. 259; Code, §§ 26-1303, 26-1304), has been held to apply only to cases of intercourse with the consent or acquiescence of females under the age of fourteen (*Griffith* v. *State*, 176 *Ga.* 547, 168 S. E. 235), and cit.,—in all cases where corroboration is required, "the corroborative evidence need not be of itself sufficient to convict the accused," and "the quantum of corroboration necessary," except where as in the *Griffith* case it is plainly lacking, "is left entirely to the jury." *Wright* v. *State*, 184 *Ga.* 62 (190 S. E. 663) ; *Suber* v. *State*, 176 *Ga.* 525 (2-a), 533 (168 S. E. 585) ; *Smith* v. *State*, 77 *Ga.* 705 (2-a), 713.

In the instant case, the testimony by the mother and the father of the girl as to her complaint and accompanying acts, and testimony by the physician who examined her two or three days after the attack and found the injuries stated, together with the other facts and circumstances hereinafter stated, afforded ample corroboration. The two-day delay of the girl in telling her parents of the attack could not be taken as a matter of law to have impaired the credibility of her testimony or the force of the corroborative evidence, in view of her youth, the circumstances of the attack by the negro assailant, breaking into her home while she was asleep and her parents were away, seizing her and threatening her with a pistol; and her explanation that, after this defendant told her, "Down here they don't treat the negroes right, but up there this happens all the time," he said, "If you ever tell this to any one, I will break every bone in your body—that just scared me to death, and the fact that this negro had the pistol on me frightened me also;" and that she had been afraid to make a report sooner to her mother, because the defendant had said that "if I told that, he would be back some way and he would know it." As to similar cases of sufficient corroboration, and of slight delay in reporting an attack because of fear or other strong reasons, see *Bennett* v. *State*, 102 *Ga.* 656 (29 S. E. 918) ; *Pylant* v. *State*, 191 *Ga.* 587 (4) (13 S. E. 2d, 380).

3. The proof of identity of the defendant as the perpetrator of the crime was sufficient to authorize the verdict of guilty, without a recommendation. There was testimony by the girl that the attack occurred near a light, and she was positive that the accused was the man who made the attack; and this evidence was corroborated by testimony of others that the defendant had pawned a pistol, and had been in possession of a watch that struck the time, both of which belonged to the girl's father and had been taken from her home following the attack, and which were recovered a few days later, and were in evidence at the trial.

4. There is no merit in the only special ground, excepting to the introduction of testimony by another young woman that about three weeks before the crime charged, in the same general section of the city but at a considerable distance from the scene of the later offense, a like crime was committed on her by a negro man, who held a knife to her throat, and whom she positively identified as the defendant. Irrespective of

whether or not this testimony was admissible under other exceptions to the general rule that an offense different from the one charged cannot be proved (see *Barkley* v. *State*, 190 *Ga.* 641 (2), 10 S. E. 2d, 32, and cit.; *Wilson* v. *State*, 173 *Ga.* 275 (2), 160 S. E. 319), still the testimony was admissible, under the rule that "where the defendant . . exercises the right of making a statement not under oath, such statement may be contradicted by testimony as to the facts which it narrates" (*Camp* v. *State*, 179 *Ga.* 292, 175 S. E. 646), where the court, after excluding such testimony before the defendant made his statement to the jury, admitted it in rebuttal of the statement then made, "I did not do *either one* of the crimes which they have got laid to me." Although the other charge thus referred to was not more particularly indicated by the defendant, the crime described by the witness was the only one which the record shows had been previously mentioned in the trial. See *Sisk* v. *State*, 182 *Ga.* 448 (3), 452 (185 S. E. 777); *Johnson* v. *State*, 186 *Ga.* 324 (4), 334 (197 S. E. 786).

*Judgment affirmed. All the Justices concur.*

No. 14742. NOVEMBER 29, 1943.

*C. C. Smith* and *A. G. Smith*, for plaintiff in error.

*T. Grady Head*, attorney-general, *John A. Boykin*, solicitor-general, *Quincy O. Arnold*, *Durwood T. Pye*, and *L. C. Groves*, assistant attorney-general, contra.