## COOPER *v.* THE STATE.

GRICE, Justice. 1. The record being silent as to any assault upon the person killing, or any attempt by the person killed to commit a serious personal injury on the person killing, or any other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, or that the killing was the result of that sudden, violent impulse of passion supposed to be irresistible, it was not error to fail to charge the law of voluntary manslaughter. Code, § 26-1007.

2. The court did not err in refusing a timely written request to charge the Code, § 38-121, as to the need of corroboration when the only witness is an accomplice, since the testimony of a single witness who was present when a homicide was committed, but who did not in any way participate therein, but for a time thereafter concealed the fact, is sufficient without other evidence to authorize a conviction. *Lowery* v. *State,* 72 *Ga.* 649.

3. It was not erroneous to instruct the jury concerning alibi as a defense, since it was recited in the ground of the motion complaining that such an instruction was given, "he [the accused] contending by his statement and evidence that he was not with Johnny Pollard [the deceased] at the time he was killed." *Westbrook* v. *State,* 91 *Ga.* 11 (16 S. E. 100).

4. The court charged the jury the Code definition of murder, and instructed them that there were two kinds of malice, implied and express, and that "express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof." That the court added to the language quoted, "such as preparation to kill, lying in wait, old grudges, previous difficulties, and such other like external circumstances as are capable of proof," immediately thereafter defining also the term implied malice, affords no cause for reversal, in view of the issue before the jury and the evidence before them.

5. The fifth and sixth grounds of the motion for new trial, set forth in the statement of facts, do not disclose error, since it does not appear therefrom that the court refused to permit counsel for the accused to prove any material fact, as distinguished from a conclusion or opinion. The only ruling of the trial court, in the first instance, was that the witness could not state his mere conclusion as to whether a person at the time inquired about could operate a car on a dirt road without a light; and in the second instance, related to an opinion of the witness

612

as to when a tire print or track was made, the court's ruling thereon being, "He can describe it, but his opinion as to how long it had been there, I sustain the objection." In neither case was any fact testified to by the witness as the basis of any opinion, nor was any ruling made, forbidding the witness to testify to any such fact, or to be **interrogated** with respect thereto.

6. The insistence that a new trial should be granted because a co-defendant, jointly indicted with the accused, was tried and acquitted, is without merit.

7. Nothing in the special grounds requiring the grant of a new trial, and although the evidence was in sharp conflict, the jury as the triors of fact having resolved that conflict by finding the accused guilty, and their verdict being supported by competent evidence and having had the approval of the trial judge, the judgment refusing a new trial is affirmed. *Judgment affirmed. All the Justices concur.*

No. 14847. MAY 4, 1944.

*Orrin Roberts* and *Willis Smith,* for plaintiff in error.

*T. Grady Head, attorney-general, L. L. Meadors, solicitor-general,* and *Victor Davidson, assistant attorney-general,* contra.