## DAVIS *v.* THE STATE.

No. 15664. January 8, 1947. Rehearing denied February 7, 1947.

*Marion Ennis,* for plaintiff in error.

*Eugene Cook, Attorney-General, C. S. Baldwin Jr., Solicitor-General,* and *R. U. Harden, Assistant Attorney-General,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ The testimony of Mrs. Whittle is to the effect that the act complained of was done forcibly and against her will. The defendant insisted that the prosecutrix consented to the act. Counsel for the defendant strongly contends that the facts and circumstances testified to by Mrs. Whittle support the defendant's contentions and demand a finding that she consented, and that the verdict should be set aside. It is pointed out, as to the occurrence in Baldwin County, that she made no outcry; she did not attempt to escape; she testified to no injury received from such act; she continued to ride with the defendant and engage him in conversation after the occurrence in Washington County; she made no outcry or effort to attract attention as the bus passed through Milledgeville; she did not report her injury and the attack made upon her when she reached Macon, and did not promptly report it to her sister upon her arrival at her destination. These, and other facts and circumstances, stressed by counsel, might persuade us that the truth of the present case is found in the quotation by Mr. Justice Lumpkin in *Jones* v. *State,* 90 *Ga.* 627 (16 S. E. 380), from Lord Byron,

"A little still she strove, and much repented,

And whispering, 'I will ne'er consent'—consented,"

were we viewing this case as a juror. And if vested with the discretion of the trial judge under the Code, §§ 70-202 and 70-206, as construed by decisions of this court, there might be some inclination to exercise such discretion in behalf of the defendant, and grant him a new trial. But under art. 6, sec. 2, par. 4 of the

Constitution of 1945 (Code, Ann. Supp., § 2-3704), the jurisdiction of this court is limited to the correction of errors of law. Whether or not the verdict of the jury in this case is supported by the evidence is a question of law for determination by this court. Other general grounds of the motion for new trial are addressed to the discretion of the trial judge and not this court. See *Porter* v. *Kolb,* 46 *Ga.* 266; *Bussey* v. *Moses,* 48 *Ga.* 120; *Slaton* v. *Fowler,* 124 *Ga.* 955 (53 S. E. 567); *Houston* v. *State,* 186 *Ga.* 145 (197 S. E. 118); *Merritt* v. *State,* 190 *Ga.* 81 (8 S. E. 2d, 386); *Holmes* v. *State,* 194 *Ga.* 853 (22 S. E. 2d, 808); *Cooper* v. *State,* 197 *Ga.* 612 (7) (30 S. E. 2d, 177).

In the case of *Davis* v. *State,* 120 *Ga.* 433 (48 S. E. 180), cited by counsel for the defendant, it was held: "The accused should not be convicted upon the woman's testimony alone, however positive it may be, unless she made some outcry or told of the injury promptly, or her clothing was torn or disarranged, or her person showed signs of violence, or there were other circumstances which tend to corroborate her story." While the rule quoted from the *Davis* case was by a divided bench, it was followed in *Griffith* v. *State,* 176 *Ga.* 547 (168 S. E. 235), by a divided bench. Mr. Justice Fish in his dissent in the *Davis* case appears to have stated the correct rule, however, as to the corroboration required, in the following language: "There is . . no prescribed rule for measuring the amount or extent of such corroboration. That, like the credibility of witnesses, is a matter solely for the consideration of the jury." See *Smith* v. *State,* 77 *Ga.* 706 (2a); *Smith* v. *State,* 161 *Ga.* 423 (131 S. E. 163).

While it appears that the prosecutrix waited until the following day to make any report to her sister as to her alleged mistreatment by the defendant, the fact that she reported it then may have been accepted by the jury as corroboration. This court will not say as a matter of law that such report would not amount to any corroboration. The evidence as to a bruise on her ankle (which will be more fully dealt with in the second division of this opinion), may have been considered by the jury as corroboration. The fact that the prosecutrix traveled from Columbus to Milledgeville within four days from the occurrence to initiate criminal charges might be considered by the jury as inconsistent with the act of a woman who had voluntarily entered into a sexual relationship with the defend-

ant. In *Simmons* v. *State,* 99 *Ga.* 699 (27 S. E. 755), cited by counsel for the defendant, it was said: "It is not required that the female shall do more than her age, strength, and the attendant circumstances make it reasonable for her to do in order to manifest her opposition; but it must appear beyond a reasonable doubt that there was actual resistance, or that resistance was prevented by violence or restrained by fear." See *Melton* v. *State,* 184 *Ga.* 343 (191 S. E. 91). From the evidence the jury might have determined that further resistance by the woman at the time was restrained either by violence or fear. In any event, the testimony of the prosecutrix was corroborated by some evidence, and it was not error to overrule the general grounds of the motion for new trial. We find it unnecessary to make any comment as to the ruling made in the *Davis* case, supra, followed in the *Griffith* case, that corroboration of the female is required where she is capable of consenting, since the rule, if correct, is met by the evidence offered on behalf of the State.

■ In amended ground 1 of the motion for new trial, objection was made to the following testimony of Mrs. C. A. Belisle, a witness for the State: "Q. Did you examine her person [the prosecutrix]? A. Yes. Q. Did you examine any part of her body when she came and made the report to you? A. Yes. Q. What did you see? A. She had a bruise on her ankle. Q. Did you see this bruise? A. Yes." The objection made by counsel to the evidence was that it was hearsay. The trial court properly overruled the objection and admitted the testimony. The ruling made in *Huey* v. *State,* 7 *Ga. App.* 398 (66 S. E. 1023), and *Lowe* v. *State,* 97 *Ga.* 792 (25 S. E. 676), to the effect that details and particulars of the complaint can not be introduced in evidence by the State, was not violated here. Both of the cases cited and relied upon by counsel for the defendant are clearly distinguishable on their facts from the present case. In the *Huey* case, the female alleged to have been injured died before the trial, and her parents were permitted, over objection, to testify to particulars of the complaint made by her. In the *Lowe* case, the mother was permitted to testify that her daughter showed her "the clothes she had on at the time," which, the court held, was in effect permitting the mother to swear that the clothes in question were in fact worn by the prosecutrix at the time of the alleged assault by the defendant. In the present case, it was not shown that the prosecutrix had made any

statement to the witness about the bruise, but on the contrary, the witness testified to a fact that she had observed, leaving it to be connected with the alleged assault by the testimony of the prosecutrix. What the witness actually saw was not hearsay. See *Pierce* v. *State*, 167 *Ga.* 376 (145 S. E. 450).

While the evidence complained of was properly admitted, a new trial would not be required were this not true, for the reason that similar testimony was elicited from this witness on cross-examination, and another witness was permitted to testify to the same facts without objection. See *Irwin* v. *State*, 194 *Ga.* 697 (2a) (22 S. E. 2d, 499). This ground of the amended motion is without merit.

■ Ground 2 of the amended motion for new trial complains of the following from the charge of the court: "The defendant, gentlemen, is on trial for the particular offense charged against him in this bill of indictment, and none other. Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind are involved as a material element in a criminal offense with which the defendant is charged, evidence of the defendant's conduct with reference to similar transactions about the same time is admissible for the consideration of the jury in so far only as they may tend to illustrate the state of the defendant's mind on the subject involved. Whether they illustrate it or not is a question for the jury. Any evidence with reference to other transactions of the defendant should be limited by the jury to the consideration of the state of the defendant's mind with reference to the subject involved in the case now on trial." The defendant insists that the above excerpt from the charge is erroneous and injurious to him because: (a) It was not sound as an abstract principle of law; (b) it was confusing to the jury; (c) it was misleading to the jury; (d) the jury was not informed that the other offense must carry proper evidence of guilt; (e) the court erred in not making the charge clear so that the jury would have known that, if the evidence of Charlotte Wright was not corroborated, they should not consider it; (f) the charge did not instruct the jury as to whether they should have considered the similar crime if there was no evidence of a crime; (g) the charge left the testimony of Charlotte Wright to be accepted by the jury as properly proving a similar offense; (h) the defendant was on trial for the rape of Charlotte Wright as much as for the offense charged in the indict-

ment, and the charge failed to inform the jury that Charlotte Wright's testimony should not be considered unless corroborated.

The objections urged are clearly without merit. The court instructed the jury that the defendant was on trial only for the offense charged in the indictment (the alleged rape of Mrs. Whittle), and that the evidence of Charlotte Wright was admissible only to illustrate the state of the defendant's mind, and whether or not it did so illustrate it was a question for the jury. The evidence of Charlotte Wright was admitted without any objection. In *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46), it was said: "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible; but to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme." In the *Merritt* case, the defendant was charged with rape and timely objections were made to the introduction of evidence tending to show the commission of similar crimes under a plan used by the defendant. This court held that the evidence was admissible, and that the charge of the court in connection therewith was not error. In this connection, see also: *Cawthon* v. *State,* 119 *Ga.* 396 (5) (46 S. E. 897); *Wilson* v. *State,* 173 *Ga.* 275 (2) (160 S. E. 319); *Loughridge* v. *State,* 181 *Ga.* 263 (182 S. E. 12); *Fowler* v. *State,* 189 *Ga.* 734 (2) (8 S. E. 2d, 77); *Barkley* v. *State,* 190 *Ga.* 641 (2) (10 S. E. 2d, 32); *Andrews* v. *State,* 196 *Ga.* 85 (4) (26 S. E. 2d, 263). The evidence of Charlotte Wright having been admitted without objection, the judge should properly have charged the jury as to the legal effect of her testimony. This he did. Had he failed to do so, such failure might have been a proper ground in a motion for new trial.

There being sufficient evidence to support the verdict, and the special assignments of error being without merit, the judgment denying a new trial must be affirmed.

*Judgment affirmed. All the Justices concur, except Wyatt, J.; who dissents, and Atkinson, J., who concurs in the judgment only.*