*William A. Fuller* and *George G. Finch*, contra.

DAVIS *v*. THE STATE.

HEAD, Justice. "The question as to whether or not there is sufficient corroboration of the testimony of an accomplice to produce conviction of a defendant's guilt is peculiarly one for the jury." *Chapman* v. *State*, 109 *Ga.* 165 (34 S. E. 369); *Sikes* v. *State*, 105 *Ga.* 592 (3) (31 S. E. 567);

*Rawlins* v. *State,* 124 *Ga.* 49 (52 S. E. 1). In the present case there was some evidence to corroborate the testimony of the accomplice tending to connect the accused with the crime charged. It was not error to overrule the motion for new trial based on the general grounds. (The above represents the views of the majority of the court. The views of the writer are expressed in a dissenting opinion.)

*Judgment affirmed. All the Justices concur, except Atkinson and Head, JJ., who dissent. Bell, J., absent on account of illness.*

HEAD, Justice, dissenting. The only question presented by this record is whether or not the testimony of the confessed accomplice, in which he charged the defendant with the leading part in the capital felony for which they were jointly indicted, was corroborated as required by the Code, § 38-121. As shown in the majority opinion, this court has repeatedly held that the extent of the corroboration of an accomplice is a question for determination by the jury. However, the foregoing rule does not relieve this court from the duty of determining whether or not there is any corroborating evidence in the record which connects the defendant with the crime charged against him.

In *McCalla* v. *State,* 66 *Ga.* 346, it was stated: "To warrant a conviction based on the testimony of an accomplice the corroborating circumstances should be such as, independently of his testimony, to lead to the inference that the defendant is guilty. Facts which merely cast on the defendant a grave suspicion of guilt are not sufficient." In *Chapman* v. *State,* 112 *Ga.* 56 (2) (37 S. E. 102), it was held: "To warrant a conviction of a felony upon the corroborated testimony of an accomplice, the corroborating evidence need not be in and of itself so strong as to support a verdict of guilty, but it must be sufficient to connect the accused with the perpetration of the offense and lead to the inference of his guilt, and more than sufficient to raise a suspicion against him." See also: *Childers* v. *State,* 52 *Ga.* 106; *Middleton* v. *State,* 52 *Ga.* 527; *Blois* v. *State,* 92 *Ga.* 584 (20 S. E. 12); *Whaley* v. *State,* 177 *Ga.* 757 (2) (171 S. E. 290); *Lanier* v. *State,* 187 *Ga.* 534 (1 S. E. 2d, 405).

In the present case there is some evidence, apart from the testimony of the accomplice, that casts a suspicion of guilt on the defendant, but in the opinion of the writer there is no corroborating evidence which connects him with the crime and leads to an inference of his guilt. The crime charged against the defendant was a brutal and heinous one, but he is entitled to the protection of the rules of law applicable to his case. I must therefore dissent from the ruling in the majority opinion. I am authorized to say that Mr. Justice Atkinson concurs in this dissent.

No. 16217. JULY 15, 1948.

*John M. Morrow,* for plaintiff in error.

*Eugene Cook, Attorney-General, L. M. Wyatt, Solicitor-General, John Sammons Bell, Assistant Attorney-General,* and *Mary B. Rogers,* contra.