## THE STATE OF IOWA v. WILLIS.

1. EVIDENCE: ACCOMPLICE.  The corroborative evidence contemplated by section 2998 of the Code of 1851, is such as tends to connect the defendant with the commission of the offense of which he is accused  Evidence tending only to show that an offense has been committed, and the manner and circumstances of the commission is sufficient.

*Appeal from Decatur District Court.*

FRIDAY, NOVEMBER 4.

THE facts necessary to an understanding of this case, are presented in the opinion.

*J. W. Warner*, for the appellant, cited 1 Greenl. Ev. sec. 380 ; 2 Russell on Crimes 963–965 ; 1 G. Greene 320–323 ; 5 Iowa 465.

*S. A. Rice*, Attorney General, for the State.

STOCKTON, J.—Indictment for burglary.  The only question in the cause is, whether the District Court should have sustained the motion  to arrest the judgment and grant a new trial.

The defendant and one Grindstaff were indicted jointly ; Grindstaff pleaded guilty.  On the trial of Willis, the State introduced Grindstaff as a witness, who gave evidence tending to show that defendant was guilty of the crime of which he was charged, and that the witness and he were jointly concerned in the burglary.  The testimony of the witness went to show the circumstances under which the crime was committed, and the manner in which entrance into the building was effected.

The State proved by other witnesses, whose testimony is embodied in a bill of exceptions taken by defendant, that the witness and defendant were together during the day previous to the commission of the burglary; that they were drunk, and came into the store house where the offence was

committed; that they were on the street as late as nine o'clock at night on the night of the burglary; that they took supper together at a tavern in town about dark, and both left the tavern within an hour afterwards without returning during the night; that the store house appeared to have been entered in the manner described by the witness, Grindstaff. And here the prosecution rested.

We are of opinion that the testimony of the accomplice, Grindstaff was not sufficiently corroborated. The statute requires that the accomplice shall be corroborated by such other testimony as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offence or the circumstances thereof. Code, section 2998.

The corroborating evidence in this case tended merely to show that an offense had been committed, and the manner and circumstances of its commission; but had no tendency to connect the defendant therewith, unless it should be held sufficient to convict a man of burglary that he is seen drunk and in company with a burglar at or near the time and place when and where a burglary is committed. However well founded a suspicion this may justly authorize, we do not think it affords the corroborating testimony contemplated by the statute.

The District Court erred in overruling the motion in arrest of judgment and for a new trial.

Judgment Reversed.