## STATE OF IOWA V. PEPPER. :

1. POSSESSION OF COUNTERFEIT COIN: EVIDENCE OF AN ACCOMPLICE. The evidence of an accomplice showing that he received the counterfeit coin described in an indictment from the defendant, unsupported by corroborating evidence connecting the defendant with the coin discribed, is *insufficient to sustain a verdict of guilty.*

2. SAME: EVIDENCE. The evidence to sustain an indictment charging a defendant with having five or more pieces of counterfeit coin in his possession, &c., should show the number of pieces in the possession of the accused.

### *Appeal from Henry District Court.*

### TUESDAY, DECEMBER 24.

*R. L. B. Clark* for the appellant.

*S. A. Rice*, Attorney General, for the State.

LOWE, C. J.—Under section 2634 of the Code the defendant was tried for having five or more pieces of false or counterfeit coin in his possession, with intent to pass the same as true, knowing them to be false.

An examination of the record discloses no error, in our opinion, except the overruling of the motion for a new trial, for the reason that it was not sustained by the evidence. The proof clearly shows that Gillett the prosecuting witness was an accomplice, and that it was upon his testimony chiefly the defendant was convicted.

The counterfeit coin exhibited on trial was found in Illinois by the sheriff of Des Moines County, where it had been secreted by the prosecuting witness, who testified that he had received the same from the defendant the fall or winter before. There are corroborating circumstances proved which showed that the money produced on trial was counterfeit and that the defendant had been engaged in the business of passing counterfeit money, but none whatever corroborating Pepper that the defendant was ever connected with the possession of the false coin produced on trial. As possession

and guilty knowledge constitute the gravamen of the charge, without which, the offence cou'd not be committed, it will not do to take these material facts as proven by an accomplice, unsupported, as in this case, by any corroborating testimony whatever. This may more fully appear by the authority of the case reported, *Andre* v. *The State of Iowa*, 5 Iowa 389, and *Upton* v. *The State of Iowa*, Ib. 465 ; also in the case of *The State* v. *Willis*, 9 Iowa 582.

It is worthy of remark also that in passing through the whole of the evidence certified up to us, we find no testimony whatever to support the allegation that the defendant had *five or more pieces* of counterfeit coin in his possession, &c. The nearest approach made in the proof to this averment, is in the evidence of the accomplice himself, who testified that he received of the defendant fifteen dollars in counterfeit coin, and two and a half dollars in good money.

The Code imposes a different and higher punishment for passing, or having in possession to pass, that number or more of pieces than a less number, and therefore it is incumbent that the prosecution should substantially prove these allegations.

A new trial is awarded and the cause accordingly remanded, &c.

Reversed.