## DURDEN v. THE STATE.

SIMMONS, C. J. The accused having been convicted of incestuous adultery upon the evidence of the woman with whom he was alleged to have committed the offense, and there having been no sufficient corroboration of her testimony, the verdict was contrary to law and should have been set aside. *Yother* v. *State*, 120 *Ga.* 204.

*Judgment reversed. All the Justices concur, except Evans, J., disqualified.*

Argued July 19, — Decided August 9, 1904.

* Indictment for incest. Before Judge Evans. Motion for new trial overruled by Judge Daley. Emanuel superior court. June 6, 1904.

The accused, a married man, was indicted for incestuous adultery with his brother's unmarried daughter. She testified, that the intercourse took place on the 22d of February, 1902, at his house, to which he had taken her from the home of her parents, for a ten days' visit; that it occurred the second night of her stay, and that he took her back to her parents the next day, having promised to do so if she would not tell his wife what had happened; that she told her mother of it in the following August, telling the time and the circumstances as related in her testimony; that on the 22d of the following November, she gave birth to a child, as a result of the intercourse; and that she had never had sexual intercourse at

any other time. The only others who testified were her mother and a midwife. The mother corroborated the daughter's testimony as to the visit to the defendant's house, the date, the length of her stay, and the time she had been expected to remain, and as to what she said in August; also as to the birth of the child. The midwife testified, that the child was born November 25, 1902; that it "appeared to have come to its time, according to what the mother had told" her; that it appeared, from its shape, size, etc., to be a full grown child; and that it "favors" the defendant. The motion for a new trial was on the grounds that the verdict was contrary to law and the evidence.

*F. H. Saffold*, for plaintiff in error, cited *Ga. R.* 52/106; 66/346; 92/584; 110/151 (5); 113/192; 3 Tex. App. 132; 9 Iowa, 582.

*B. T. Rawlings*, solicitor-general, contra, cited *Ga. R.* 44/215 (4); 52/403 (2); 55/220 (3); 56/356 (4); 73/572; 109/165.