### RILEY *v.* THE STATE.

ATKINSON, J. The exception is to a judgment refusing a new trial to the defendant, who was convicted of rape. There were two counts in the indictment. One charged that the offense· was committed by unlawfully having sexual intercourse with a named person, being " a female child under the age of fourteen, to whom he had not previously become lawfully married," etc. The other count charged that the offense was committed on the named female " forcibly and against her will." *Held:*

1. On the issue of whether the defendant had sexual intercourse with the child, testimony of a physician, to the effect that at a stated time about seven months prior to the alleged criminal act· he treated the accused for a particular venereal disease, was relevant in connection with other evidence tending to show that the child developed such disease within about seven days after the alleged criminal act; that the alleged disease is usually communicated from one person to another by sexual intercourse, and that when so communicated it usually manifests itself within a period of three to ten days after the act.

(*a*) The fact that another physician testified that shortly after the offense was alleged to have been committed he made several examinations of the accused and in his opinion the latter was not infected with the disease would not render the evidence objected to inadmissible. This would make a conflict of evidence going to the credibility of the witnesses· or the evidential value of their respective opinions, but would not go to the admissibility of the evidence of either.

2. The charge: " The testimony of a single witness is generally sufficient to establish a fact, but there are certain exceptions to this rule, and this case presents one of such exceptions, it being the law that the jury could not convict the defendant of the offense for which he is on trial, upon the unsupported testimony of the female alleged to have been raped; before you would be authorized to convict the defendant, there must be other evidence, independent of hers, sufficient to connect the accused with the offense charged, · and to raise an inference of guilt," is favorable to the defendant, and not error on the grounds (*a*) that it assumed there had been an offense committed, or (*b*) that it did not indicate what amount or character of corroborating testimony is necessary, or (*c*) that it was confusing and misleading to the jury.

3. The court instructed the jury: " Before you would be authorized to convict the defendant, there must be other evidence independent of hers, sufficient to connect the accused with the offense charged and to raise the inference of guilt. It is for the jury to determine whether the female alleged to have been raped has been so corroborated or not. It is not necessary that there be corroborating evidence sufficient of itself to prove the defendant's guilt beyond a reasonable doubt, but the

jury would be authorized to convict the defendant if they are satisfied of his guilt beyond a reasonable doubt." This charge was favorable to the accused, and was not erroneous as against him because the judge failed to elaborate on the question of the kind of corroborating evidence required in such a case.

4. The court charged: "A witness may be impeached by disproving the facts testified to by him or her; a witness may be impeached by evidence as to his or her general bad character; a witness may be impeached by contradictory statements previously made by him or her as to matters relevant to his or her testimony and to the case." This was a statement of principles of law as set out in the Penal Code, §§ 1051, 1052, 1053; and the fact of giving such principles in immediate sequence was not confusing or misleading as applied to the case, the defense having introduced evidence tending to impeach the mother of the child on all three of the grounds covered by the charge.

5. The court instructed the jury: "Whenever the unworthiness of belief of a witness is established in the minds of the jury, his or her evidence ought to be disregarded by the jury altogether, unless such witness be corroborated by other unimpeached evidence or the proved circumstances of the case. It is at last exclusively a question for the jury to determine, as to whom and what they will believe as to every issue in the case." This charge was not error for the reason assigned, namely, that it was not properly adjusted to the facts of the case.

6. The court instructed the jury: "The State contends that the defendant on or about the time named in the bill of indictment, in the county of Dougherty, did have sexual intercourse with one Lillian Rowell, that she was at the time a female child and that she was at the time under the age of fourteen years, and that she was at the time a female child to whom the defendant had not previously become lawfully married. If these contentions have been established to the satisfaction of the jury beyond a reasonable doubt, the jury ought to convict the defendant. You should look to the evidence and the defendant's statement for any other contentions of the State or defendant, and decide the issues made thereby according to the rules of law as given you in charge." This charge was not error on the ground that it misstated the contentions of the State and the accused, and that it was confusing. It was insisted that the charge permitted the jury to look to the evidence and statement of the accused for the respective contentions of the parties, whereas they could only look to the indictment and plea of not guilty.

7. The court instructed the jury: "You should look to the evidence and the defendant's statement for any other contentions of the State or defendant, and decide the issues made thereby, according to the rules of law as given you in charge." This charge was not error on the ground that it misstated the contentions of the State and the accused.

8. A ground of a motion for new trial should be complete within itself. Where the only complaint in certain grounds of the motion for new trial is (a) that the judge erred in charging "the act of the General Assembly of the State of Georgia, 1918, p. 259;" (b) that "the court charged at length upon the act of the General Assembly of the State of Georgia, p. 259, with reference to the age of consent, and the kind of verdicts, and

stated to the jury that there could be four different kinds of verdicts, if they found the defendant guilty under the act of 1918; all of which charge, we insist, was error, as it is a fact that no part of the State's evidence developed consent of Lillian Rowell to the cohabitation, and according to the contention of the defendant, in his evidence and statement, no cohabitation took place," such grounds of the motion for new trial are incomplete and too indefinite to present any question for decision.

9. The alleged newly discovered evidence was merely impeaching, and not of such character as to cause the grant of a new trial.

10. The evidence was sufficient to support the verdict, and the trial judge did not err in refusing the grant of a new trial.

*Judgment affirmed. All the Justices concur.*

No. 2745. APRIL 11, 1922.

Indictment for rape. Before Judge R. C. Bell. Dougherty superior court. June 9, 1921.

*Claude Payton,* for plaintiff in error.

*George M. Napier, attorney-general, B. C. Gardner, solicitor-general, Seward M. Smith, asst. atty.-gen.,* contra.