STATE OF IOWA, Appellee, v. LOTAN GILL, Appellant.

CRIMINAL LAW: Evidence—Corroboration by Circumstantial Evidence. Corroboration of an accomplice may be found in the circumstances surrounding and attending the commission of an offense.

ALBERT and STEVENS, JJ., dissent, on the record presented.

CRIMINAL LAW: Instructions—Defining Terms—"Accomplice"— Harmless Error. Failure to define the term "accomplice" is quite harmless when the jury is peremptorily told that the witness in question is an accomplice.

WITNESSES: Competency—Market Value. A witness who is familiar with the market reports of an article is *prima facie* competent to testify to the value of such article.

Headnote 1: 16 C. J. p. 705. Headnote 2: 16 C. J. p. 1000. Headnote 3: 16 C. J. p. 755.

Headnote 1: 1 R. C. L. 171.

*Appeal from Montgomery District Court.*—W. C. RATCLIFF, Judge.

SEPTEMBER 21, 1926.

Defendant was indicted for stealing eggs from a railroad car. He was convicted by a jury and sentenced accordingly. He appeals.—*Affirmed.*

*B. A. Shaver* and *Genung & Genung,* for appellant.

*Floyd E. Billings,* County Attorney, for appellee.

ALBERT, J.—On December 4, 1924, Swift & Company loaded 160 cases of cold-storage eggs into a railroad car at Clarinda, Iowa. The loading was completed between the hours of 4 and 5 o'clock in the afternoon. At 5:05 o'clock, the car was picked up by one of the trains of the railroad company and carried to Villisca, arriving there at 6:15 P. M. It was placed on a sidetrack east of the passenger depot, where it stood until 3:35 the next morning, when it was picked up by another train and hauled to Creston, arriving there at 4:50 A. M. It stood on the tracks of the railroad company from that time until about 10 o'clock in the forenoon, when it was checked out, and found to contain 152 cases of eggs.

1. CRIMINAL LAW: evidence: corroboration by circumstantial evidence.

Aside from the testimony of the employees of the railroad company and of Swift & Company, which established the foregoing facts, the State's case rests wholly on the testimony of William Smith and Glen Henry. The substance of Smith's testimony is that he met the appellant Gill at Snow's restaurant in Villisca at about 7:30 or 8 o'clock in the evening of December 4th. Gill asked him if he "wanted in on a job." Smith said he did not care much about it. They passed out of the restaurant, and met one Homer Ashmore. The three men went down to the railroad tracks. No conversation passed between them. Ashmore said that there were some eggs in the refrigerator car, and told the witness to stand watch, and he (Ashmore) would get in the car and hand out the eggs to Gill. Gill was present at this conversation. Ashmore went into the car, and Gill stood at the door. The witness went across the tracks. Ashmore handed out some cases of eggs, and, the witness says: "We carried them across and put them in a sand pile. After that, we went up town." Smith went to a cigar store, where he met Glen Henry, and Gill and Ashmore went to Snow's restaurant. The witness

then went back to the restaurant. He met Gill and Ashmore, and told them about Henry's car, and asked them if they were willing to pay Henry for the use of the car, to take the cases of eggs to Gus. He then went back to the cigar store and saw Henry, and then back to the restaurant. The four men went to the garage, and made Henry's car ready for use. They put water in, and put on the chains. There was no conversation among Gill, Ashmore, and Smith at the garage. After that, Gill, Ashmore, and the witness drove the car to another garage, filled it with gasoline, and then drove to the sand pile, loaded the eggs in the car, and started to the town of Gus, 12 miles south of Villisca. The roads were muddy, and, after traveling four or five miles, they turned and came back to Villisca. At that time, they had seven cases of eggs in the car, of which Ashmore took two cases, Gill two, and the witness Smith three cases, which he placed in the armory. He then took the car and put it in the garage.

The foregoing is the material part of the testimony of the witness Smith.

The witness Henry testifies that he saw Smith in the cigar store on the evening of December 4th, but, later the same evening, he saw Gill, Ashmore, and Smith at Snow's restaurant; that, in a conversation among the four men, Smith said that he had made arrangements to use his (Henry's) car, to haul the eggs to Gus; that, after that, the four went to Henry's garage and put the chains on the car, and Gill, Ashmore, and Smith got in and drove away. There was no conversation at the garage. On cross-examination, he said: "If the eggs were sold, then I was to receive $25." The correctness of the foregoing is denied by the State, and the amended abstract shows the following:

"Q. Mr. Henry, as I understand your testimony, you had a conversation with Gill, Ashmore, and Smith in Snow's restaurant? A. At Snow's restaurant. Q. And I want you to state in substance what was said in Snow's restaurant about your car. A. Well, Smith just made it known to Gill and Ashmore that he had made arrangements for my car. Q. Yes. And was Gill present in Snow's restaurant at the time that conversation was had between the four of you? A. Yes, sir."

The first error urged is that there is no corroborative evi-

dence whatever of the testimony of the witness Smith, as required by Section 13901 of the Code of 1924, which reads:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

We have had occasion to construe this section of the statute on a number of occasions, and especially in the cases of *State v. Jones,* 115 Iowa 113, and *State v. Cowell,* 149 Iowa 460. The kind of corroboration required is not corroboration as that term is ordinarily used, but it must be of such character that it tends to connect the defendant with the commission of the offense. It is not sufficient merely to show the commission of the offense or the circumstances thereof. Upon the application of this rule to the evidence in the instant case, the question is whether the State has produced such corroborative testimony as the statute requires.

The writer hereof is of the opinion that statutory corroboration is wholly wanting, under the evidence above set out. Justice Stevens agrees on this matter. See *State v. Duncan,* 158 Iowa 652; *State v. Mikesell,* 70 Iowa 176; and *State v. Willis,* 9 Iowa 582. The remainder of the full bench, however, is of the contrary opinion, under the following decisions of this court: *State v. Patten,* 191 Iowa 639; *State v. Christie,* 193 Iowa 482; *State v. Seitz,* 194 Iowa 1057; *State v. Arhontis,* 196 Iowa 223. The holding, therefore, is that there was sufficient corroboration of the witness Smith in the testimony of the witness Henry, to take the question to the jury.

Another assignment is that the court failed to define the word "accomplice" in its instructions. In the first place, no such request was made by appellant, and, if it had been made, it was properly refused, because, in Instruction 13 given by the court, the jury is told that: "William Smith is confessedly an accomplice in the crime herein charged." The court thus having told the jury, it was unnecessary for it to define the term "accomplice."

2. CRIMINAL LAW: instructions: defining terms: "accomplice:" harmless error.

The witness Gallatin was used by the State to show the value of the property stolen. He qualified, to the extent of

showing that he was chief clerk for Swift & Company, the ship-
pers of the eggs at Clarinda, and was employed
in that capacity for five years; that he received
the market reports on the 4th day of December,
1924, which gave the value of cold-storage eggs. He said:

3. WITNESSES:
competency:
market value.

"I was acquainted with the reasonable market value of cold-
storage eggs at Villisca, Iowa, on that date."

This is sufficient to qualify him in the first instance, and the
cross-examination did not disturb his statement. Hence, the
admission of his testimony as to the value of the eggs was proper.

The last assignment of error is that the court erred in over-
ruling appellant's motion for a new trial. Under the rules of
this court, this does not raise a question for our consideration.

There was no error in the trial of this case, and the district
court is affirmed.—*Affirmed.*

DE GRAFF, C. J., and EVANS, FAVILLE, VERMILION, and MOR-
LING, JJ., concur.