MORRIS *v.* THE STATE.

No. 10060.   SEPTEMBER 19, 1934.

*Astor Merritt,* for plaintiff in error.

*M. J. Yeomans, attorney-general, S. W. Ragsdale, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

ATKINSON, J.   In section 1 of the act of 1918 (Acts 1918, p. 259) it is declared "that from and after the passage of this act it shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen (14) years, unless such person shall have previously become lawfully married to such female child." In section 2 it is declared: "That any person violating the provisions of section 1 . . shall be punished as prescribed by section 94 of the Penal Code of Georgia of 1910, unless the jury trying the cause shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court.   Provided, however, that no conviction shall be had for said offense on the unsupported testimony of the female in question." Section 3 repeals conflicting laws.   The defendant was indicted under this statute for an offense alleged to have been committed on September 15, 1927, and the State relied for conviction solely on evidence tending to show consensual sexual intercourse between the parties at a time when the girl was about two weeks less than fourteen years of age.   The exception is to a judgment overruling a motion for a new trial after verdict finding the defendant guilty, with recommendation that he be punished as for a misdemeanor.

1.   Error is assigned upon the following charge to the jury: "The State is required to convince you beyond a reasonable doubt and to prove each and every material allegation in the bill of indictment beyond a reasonable doubt, except the time of the commission of the crime.   Any date before the commission of the crime is sufficient.   The charge is the 15th of September, 1927; the State is not required to prove that exact date.   Any date prior to the 18th day of September, 1928." The parts of the charge excepted to are:   (a) "Any date before the commission of the crime is sufficient," as an incorrect statement of the law, and misleading. (b) "The charge is the 15th of September, 1927; the State is not required to prove that exact date.   Any date prior to the 18th day of September, 1928,"—"as contrary to law, the period of limitation for the offense charged being seven (7) years; and the charge stating any date prior to the 18th of September, 1928  . .  was

erroneous . . harmful, hurtful, and prejudicial to the defendant." Immediately following the excerpt quoted above the judge charged: "However, the sexual intercourse, the age of the female, and each and every other material allegation in the bill of indictment must be proved beyond a reasonable doubt." And at the conclusion of the charge the court instructed the jury: "I should have called your attention specially that the State must prove beyond a reasonable doubt that the intercourse was had with the prosecutrix, and that at the time it was had she was under the age of fourteen years, and that they have not married since. It is necessary that the State prove all those facts to you, and that the intercourse was had before the bill was found. That is the issue." When the charge excepted to is considered in connection with the context, it is not erroneous for any reason assigned.

2. The judge charged: "Proof of the birth of a child, and that the child resembles the defendant, and all that considering the time of the birth as applied to the date of the charge, and all those things, if they satisfy your minds, if you think those circumstances support the testimony of the female, then you would be authorized and you should convict and consider her testimony supported. The fact that she became pregnant and bore a child of course is a circumstance showing illicit intercourse, and that the child resembles the defendant is another circumstance that you may consider, if it is shown." This charge was excepted to as "error in that it placed emphasis upon certain circumstances to the exclusion of others; in that it was an expression of opinion by the court as to what circumstances had been proved; in that it was an expression of opinion by the court as to what weight should be given certain circumstances; and in that it was an expression of opinion by the court that it had been proved as a fact beyond contradiction that the child of the prosecutrix resembled the defendant; that is an intimation of opinion by the court that such testimony was true." This charge was further excepted to on the ground "that the court undertook to state what circumstances supported the female, which is a question to be determined exclusively by the jury, they being the sole judges of the question as to whether or not the testimony of the female [was] supported by circumstances or otherwise; and that the same was an unauthorized expression of opinion by the court." These portions of the charge are not erroneous for the reasons assigned.

522

3. Certain alleged newly discovered evidence tending to impugn chastity of the alleged injured female was impeaching in character, and was not of such materiality as would likely produce a different result on another trial.

4. The testimony of the alleged injured female as to the fact of intercourse with the defendant and as to her being slightly less than fourteen years of age at the time of the intercourse was sufficiently corroborated by the testimony of her father and by production before the jury of the child born to the girl, which was stated to resemble the defendant. The evidence was sufficient to support the verdict, and the court did not err in refusing a new trial.          *Judgment affirmed. All the Justices concur.*