WRIGHT *v.* THE STATE.

No. 11670. MARCH 10, 1937.

*Jesse B. Simmons* and *Otey B. Mitchell,* for plaintiff in error. *M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews, G. L. Goode,* and *O. H. Dukes,* contra.

RUSSELL, Chief Justice. Will Wright, a negro man, was indicted for the rape of a named white girl. Upon arraignment Wright pleaded not guilty. The evidence, including that of the injured female, made substantially this case: The victim of defendant's alleged crime was between twelve and thirteen years of age at the time. The defendant was an employee of the park department of the City of Atlanta, at the Grant Park Zoo, and his duties consisted in feeding the wild animals. He had a key to the meat-house. The city would buy old mules and horses for animal food, kill and butcher them, and keep the meat in the house, where there was a refrigerator, benches, meat blocks, a stove, and a sink. The building, housing the major part of the caged animals, was near by. The injured female, together with other young children, was in the habit of playing in the park and around the zoo. There they made the acquaintance of the defendant, who was about fifty years of age. He got the female involved in this case to enter the meat-house with him, and there he would pat her legs and play with her private parts. On one occasion the girl lay down on a bench in the meat-house, and the defendant pulled up her dress, and, after feeling of her legs, tried to insert his penis in her privates, but failed. He got up, went to the sink near by, and discharged semen. On another occasion he evidently tried to have sexual intercourse with the girl, with both standing erect, and was unable to penetrate her privates, but nevertheless ejaculated on some iron pipes in the meat-house. The injured female testified to other occasions, and to an occasion on a certain day when the defendant succeeded in penetrating her privates with his penis. No effort was made by her to resist the defendant. A physician, who examined the female after the alleged rape, stated that her vagina would admit two of his fingers, and there were no tears; that that was an indication that she had had sexual intercourse, with that much opening; that it would take the male organs of a man to make such an opening; and that it was his opinion that the development of her private parts would admit the male organs of a man. The girl testified that a boy of nine years, two or three years before, had "played with her." The defendant gave to this girl small amounts of change on different occasions, during a period of several weeks, when all this conduct was taking place, and he

purchased from her tickets for candy-pullings and showed her other favors. The discovery of the alleged crime was brought about by the fact that on one afternoon the girl accosted the defendant and urged that he buy from her some crochet work which her mother had given to her to sell. The defendant was in his automobile. She got in the automobile with him, sitting beside him, and he drove the automobile southeast of Atlanta towards Constitution. An automobile containing two county policemen approached and passed the defendant's automobile; and seeing what looked like to them some one duck down in defendant's car, they turned around and overtook the defendant's car, which had stopped, and the girl had got out of it. She appeared to be scared and trembling when they came up. After some questioning, she told the policemen that the defendant had patted her legs but did not do anything else. The police took the defendant and the girl to Lakewood Heights, telephoned for their lieutenant, and while awaiting his arrival one of the police stated to the girl that she had not told them the truth, and she replied "about what?" This conversation was in the defendant's hearing. The policeman again said, "You didn't tell me the truth." The girl said "Why?" The policeman then said, "You didn't tell me the truth about this negro, did you?" The girl said "What did he say?" The policeman replied, "Never mind about what he said. I want to know what you have got to say about it." Thereupon the girl stated: "He said he had something to do with me, didn't he?" "Well, he did. Last Friday." There was evidence as to finding human semen on certain pipes near the sink in the meat-house. Several witnesses testified as to the previous good character of the defendant. Witnesses for the State testified as to his bad character, freshness with white girls, living with a negro woman not his wife; and the like. The defendant made a statement in which he protested his innocence, and denied going into the meat-house with the girl. Other witnesses corroborated the girl's testimony in this regard, and as to other circumstances. The jury returned a verdict finding the defendant guilty, and he was sentenced to death. He moved for a new trial on the general grounds, and on special grounds which will be dealt with hereinafter. The judge overruled the motion for new trial, and the defendant excepted.

1. A new trial is not required because the court denied the

defendant's application for a continuance of the trial, especially in view of the counter-showing by the State. No witness was sworn on the application for a continuance, which was based on the statement of counsel for the defendant, Mr. Jesse Simmons, that he was physically unfit to go to trial. Counsel presented to the court a certificate of a physician, which was unsworn and not substantive proof. This certificate went no further than to say that counsel "is unable to try a case to-day." No temporary postponement of the trial was sought. It appears from the counter-showing that both Mr. Bowers and Mr. Avary, associate counsel with Mr. Simmons, were present in court and representing the defendant, and no reason was shown to the court why both of them were not sufficiently qualified to proceed with the trial. Under the facts it does not appear that the defendant was deprived of his constitutional right to the privilege and benefit of counsel, in violation of that provision of the constitution of this State which insures that "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel . . " Code, § 2-105. See *Trammell* v. *State,* 183 *Ga.* 711 (189 S. E. 529).

2. The defendant assigns as error the failure of the court to instruct the jury on the law of circumstantial evidence. There was no request for such instruction. The conviction did not depend entirely on circumstantial evidence. There was some direct evidence on all the essential elements of the offense for which defendant was tried, including corroboration of the female. Therefore failure of the court to charge on the law of circumstantial evidence is not cause for a new trial in this case. *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759); *Wilson* v. *State,* 152 *Ga.* 337 (110 S. E. 8); *Haden* v. *State,* 176 *Ga.* 304 (17), 312 (168 S. E. 272); *Harris* v. *State,* 178 *Ga.* 746 (2) (174 S. E. 240). For the same reasons, the grounds are not sustained in which the defendant complains of the failure of the court, without request, to define to the jury the meaning of circumstantial evidence, and to instruct them on the law of circumstantial evidence as set forth in the Code, §§ 38-102, 38-109. See *Brady* v. *State,* 159 *Ga.* 469 (126 S. E. 250); *Strickland* v. *State,* 167 *Ga.* 452, 454 (145 S. E. 879); and cit.; *Starnes* v. *State,* 45 *Ga. App.* 238 (2) (164 S. E. 89).

3. It has been time and again held by this Court and the Court of Appeals that the judge need not attempt to define reasonable doubt. *Bell* v. *State,* 148 *Ga.* 352 (96 S. E. 861); *Jordan* v. *State,* 16 *Ga. App.* 393, 400 (85 S. E. 455), and cit.; 9 Cum. Dig. 871. Consequently the assignment that the court erred in failing to instruct the jury as to the meaning of "reasonable doubt" is without merit. See *Battle* v. *State,* 103 *Ga.* 53 (2) (29 S. E. 491).

4. The defendant was convicted of the rape of a female under fourteen years of age. While the indictment charged that he had carnal knowledge of her forcibly and against her will, and did not state her age, the evidence showed that the crime was accomplished with her consent and that she was under fourteen years of age at the time. *Echols* v. *State,* 153 *Ga.* 857 (113 S. E. 170). A child under fourteen years is legally incapable of consenting to illicit sexual intercourse. *Todd* v. *State,* 25 *Ga. App.* 411 (103 S. E. 496). In such cases the presumption of the law is that a female under that age will not voluntarily consent to fornication; and this presumption supplies the force essential to the commission of the crime of rape. *Holland* v. *State,* 161 *Ga.* 492 (131 S. E. 503); *Ollis* v. *State,* 44 *Ga. App.* 793 (163 S. E. 309). Proof of force and resistance is therefore unessential. 52 C. J. 1095. Also, the age of the girl is sufficiently proved when she testified positively as to the same. Where the female child testifies that she was of a particular age below the age of consent, which is not disputed, this proof of age, taken in connection with her appearance on the witness-stand, is sufficient. While the evidence showed that the alleged carnal knowledge of the female in this case was not forcibly and against her will, there was no dispute as to her age, which she testified was at the time between twelve and thirteen years. In order to sustain a conviction of rape of a female under the age of consent, where there was no force, the State must prove beyond a reasonable doubt the fact of intercourse with defendant, and that it occurred while the girl was under the age of consent; and where there is no room for doubt as to the fact of intercourse or as to the female's age, the evidence will be deemed sufficient. At common law and in the absence of a statute requiring corroboration, it is generally held in other jurisdictions that the unsupported testimony of the fe-

male is ordinarily sufficient to sustain a conviction of rape (52 C. J. 1099; *Griffith* v. *State,* 176 *Ga.* 547, 168 S. E. 235), even though the female may be under the age of consent, or even where, being under the age of consent, she has consented to the act of intercourse, since such consent does not render her an accomplice so as to render corroboration necessary. There are jurisdictions, however, in which, even in the absence of any statute changing the generally accepted common-law rule, it is held that the uncorroborated testimony of the prosecutrix is insufficient to support a conviction, at least in cases of rape by force (see *Davis* v. *State,* 120 *Ga.* 433, 48 S. E. 180), unless the proved circumstances of the commission of the offense are clearly corroborative of the testimony of the female. See 52 C. J. 1101; *Cofer* v. *State,* 163 *Ga.* 878 (137 S. E. 378), s. c. 178 *Ga.* 742 (174 S. E. 331); *Smith* v. *State,* 161 *Ga.* 421 (131 S. E. 163).

The act of July 31, 1918 (Ga. L. 1918, p. 259; Code, §§ 26-1303, 26-1304), declaring, among other things, that any person having sexual intercourse with a female under age of fourteen years shall be guilty of rape, and "that no conviction shall be had for said offense on the unsupported testimony of the female in question," was intended to apply only to cases where the act of intercourse is accomplished with the actual consent or acquiescence of the female, and is to be treated as rape merely because the female is under the age of consent as therein fixed. *Griffith* v. *State,* supra; *Clowdis* v. *State,* 176 *Ga.* 755 (168 S. E. 768); *Morris* v. *State,* 179 *Ga.* 519 (176 S. E. 395); *Rivers* v. *State,* 179 *Ga.* 782 (177 S. E. 564). Under such a statute, the evidence supporting that of the female or corroborative thereof must be testimony other than that of her own, as to the commission of the offense by the accused; and while it need not be sufficient of itself to establish the guilt of the accused, it must tend to establish his guilt, and although it is not necessary that the female be corroborated as to every essential element of the crime. In other words, there must be corroborating evidence fairly tending to prove that the crime was committed, and that it was committed by the defendant. Such corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. However, it need not include testimony of an eye-witness of the act

itself, or extend to everything said or done, and need not be positive or direct. The law prescribes no standard for the strength of the corroborating evidence, but it must be something more than a mere colorable support. So the corroborative evidence need not be of itself sufficient to convict the accused, but needs be supporting of the testimony of the female raped. And in such cases, "where corroboration is required, the quantum of corroboration necessary is left entirely to the jury." *Suber* v. *State,* 176 *Ga.* 525 (2 *a*) (168 S. E. 585). So in this case, evidence that the girl and the defendant were seen to go into a building to which the defendant had a key and in which others were not wont to go, and to remain in there while the other children who accompanied her, and with whom she was playing, returned to their home without her; evidence that the defendant, a colored man around fifty years old, and the female were seen riding in an automobile together, she sitting beside him, and when they observed another car approaching the girl ducked out of sight; evidence that when the automobile was overtaken the girl had got out, and was trembling and seemed to be "scared;" evidence as to the manner in which the police elicited from her the statement that the defendant had had carnal knowledge of her, the difficulty in so doing, her actions concerning the same at the time, and the actions of the defendant as well; evidence of the doctor who examined the female, that she had been entered and evidently by a mature man; and evidence as to the finding of human semen in this building where the girl had stated the defendant emitted a discharge,—all tended to support the testimony of the female alleged to have been raped, and tended to support the finding of the jury that the defendant had had carnal knowledge of this girl, who was under the age of consent. This is true in the face of the denial of the defendant as to any intercourse. See *Smith* v. *State,* 91 *Ga.* 10 (16 S. E. 378). Under the decisions of this court in *Connell* v. *State,* 153 *Ga.* 151 (111 S. E. 545), *Riley* v. *State,* 153 *Ga.* 182 (111 S. E. 729), *Cofer* v. *State,* 173 *Ga.* 878 (supra), and *Chapman* v. *State,* 112 *Ga.* 56 (2) (37 S. E. 102), there is apparently little material difference in the sufficiency of the supporting testimony required in cases where the accused is charged with the rape of a female under fourteen years of age and is prosecuted under the Code, §§ 26-1303, 26-1304, and the

sufficiency of corroboration required in cases of rape by force, and in cases of the testimony of an accomplice, to support of conviction of the defendant. This being so, under the facts of this case the court did not err in its charge to the jury on this subject, nor was the evidence insufficient to support the verdict of guilty, without recommendation.

5. The court charged the jury: "Before you would be authorized to convict the defendant there must be evidence, independent of hers, sufficient to connect the accused with the offense charged; and all the evidence taken together must convince your minds beyond a reasonable doubt of the guilt of the accused, in order for a conviction to be sustained. Now, it is for the jury to determine, gentlemen, whether the female alleged to have been raped has been so corroborated or not. If there has been corroborating evidence, it is not necessary that the corroborating evidence should of itself be sufficient to show the defendant's guilt beyond a reasonable doubt; the jury would be authorized to convict the defendant if they are satisfied of his guilt beyond a reasonable doubt from all the evidence." This instruction did not have the effect of authorizing the jury to convict the defendant upon testimony that may not have satisfied their minds beyond a reasonable doubt as to his guilt. None of the criticisms directed to this excerpt from the charge are meritorious.

6. A new trial is not required by the assignment of error on the charge that "if there has been corroborating evidence, it is not necessary that the corroborating evidence should of itself be sufficient to show defendant's guilt beyond a reasonable doubt," because, as contended, the court failed to charge, in connection therewith: "But such evidence . . must be sufficient to reasonably satisfy your minds that the accused was connected with the offense charged." See *Riley* v. *State*, 153 *Ga.* 182 (3) (supra).

7. The charge on the question of corroboration was not error in that the court "left the weight of corroboration . . unexplained." The charge here excepted to was as follows: "Now, gentlemen, the testimony of a single witness is generally sufficient to establish a fact; but there are certain exceptions to this rule of law, and this case presents one of such exceptions, it being the law that the jury can not convict the defendant of the offense for which he is on trial upon the unsupported testimony of the fe-

male alleged to have been raped. Before you would be authorized to convict the defendant there must be evidence, independent of hers, sufficient to connect the accused with the offense charged; and all the evidence taken together must convince your minds beyond a reasonable doubt of the guilt of the accused, in order for a conviction to be sustained. Now it is for the jury to determine, gentlemen, whether the female alleged to have been raped has been so corroborated or not. If there has been corroborating evidence, it is not necessary that the corroborating evidence should of itself be sufficient to show the defendant's guilt beyond a reasonable doubt; the jury would be authorized to convict the defendant if they are satisfied of his guilt beyond a reasonable doubt from all the evidence, including the defendant's statement, that of the female alleged to have been raped, and the corroborating evidence, if any, taken together and considered along with the statement of the defendant." See *Riley* v. *State, Connell* v. *State,* supra.

8. The evidence tended to show a course of improper conduct between the defendant and the female over a period of several weeks, culminating in the automobile ride which led to the discovery of his alleged criminal practices with her. The judge, over objection of defendant, permitted the injured female to testify concerning other occasions when the defendant played with and fondled her legs and privates, on which he attempted penetration thereof with his penis, and on which he succeeded in accomplishing the act of sexual intercourse with her. The defendant contends that it was error for the court to admit testimony concerning other and independent transactions and offenses which were not charged in the indictment. Under the Code, § 38-202, it is provided that the conduct of the parties in other transactions is irrelevant matter, unless the nature of the action renders necessary or proper the investigation of such conduct. So while the general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible (*Moose* v. *State,* 145 *Ga.* 361, 89 S. E. 335; *Griffin* v. *State,* 15 *Ga. App.* 552, 83 S. E. 871), yet such evidence may be admissible to show previous attempts by the accused to commit the same crime upon the victim of the

offense for which he stands charged, or where it tends to show motive, plan, or scheme. *Williams* v. *State,* 152 *Ga.* 498, 521 (110 S. E. 286) ; *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016) ; *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46) ; *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897). In *Bates* v. *State,* 18 *Ga. App.* 718 (90 S. E. 481), it was held that evidence of other transactions may be received, as tending to show motive or intent, when the transactions are so connected in time or similar in their other relations that the same motive may reasonably be imputed to all. The court did not err as here complained of.

9. The defendant complains that the court erred in denying him a new trial on account of certain alleged newly discovered evidence. The State introduced Dr. Drukenmiller on the trial, and he testified to finding human semen on certain pipes at a certain time and place in a building in Grant Park, and, after long scientific explanation, he testified: "I can say conclusively that those spots which I removed from those pipes were human seminal fluid, as a result of the tests I made. In other words, just in plain English, it is a discharge from a man when he is copulating, which has been produced in some artificial manner." On cross-examination the witness admitted that it could have been caused by masturbation. The alleged newly discovered evidence consisted of the affidavit of a physician and chemist who was properly accredited, and who deposed that human semen when exposed to the air dissolved and disappeared in a very few hours, and that it would be impossible to identify spots on an iron pipe as the semen of a male human being after the time had elapsed which had been testified to by Dr. Drukenmiller. Plainly the alleged newly discovered evidence was contradictory of the testimony of Dr. Drukenmiller, and impeaching, even if it could be conceded that it could not have been discovered by defendant's counsel before or during the trial. See *Davis* v. *State,* 175 *Ga.* 356 (165 S. E. 56) ; *Adams* v. *State,* 172 *Ga.* 260 (157 S. E. 625) ; *Morris* v. *State,* 167 *Ga.* 286 (145 S. E. 445) ; *Drane* v. *State,* 130 *Ga.* 349 (60 S. E. 863) ; *Bass* v. *State,* 154 *Ga.* 112 (113 S. E. 524) ; *Jenkins* v. *State,* 19 *Ga. App.* 626 (91 S. E. 944) ; Code, § 70-204.

10. The evidence supported the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*