REED *v.* THE STATE.

No. 15665.   FEBRUARY 4, 1947.

*Graham Wright,* for plaintiff in error.

*Eugene Cook, Attorney-General, Henderson Lanham, Solicitor-General,* and *Rubye G. Jackson,* contra.

HEAD, Justice. (After stating the foregoing facts.) The Code, § 26-1303, provides: "It shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of

14 years, unless such person shall have previously become lawfully married to such female child." The Code, § 26-1304, provides: "Any person who shall violate the provisions of section 26-1303 shall be guilty of rape, and on conviction thereof shall be punished as prescribed by section 26-1302, unless the jury trying the case shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court: Provided, however, that no conviction shall be had for said offense on the unsupported testimony of the female in question." The requirement that the testimony of the female be corroborated is that other facts and circumstances must support her testimony that the crime charged has in fact been committed by someone. *Rivers* v. *State,* 179 *Ga.* 782 (177 S. E. 564).

"Before there can be a lawful conviction of a crime, the corpus delicti, that is, that the crime charged has been committed by someone, must be proved beyond a reasonable doubt, or a conviction should not be had." *Shedd* v. *State,* 178 *Ga.* 653 (173 S. E. 817), and cases cited. In this case the testimony of Elligree Harper that a crime was committed upon her, in that someone had sexual intercourse with her at a time when under the law she was incapable of consenting thereto, is corroborated, for the undisputed evidence shows that she became the mother of a child before she reached the age of 14 years. Testimony by other witnesses for the State sufficiently established the age of Elligree Harper. The corpus delicti is proven by the child born to her before she reached the age of consent. There is supporting testimony tending to show that the defendant might have committed the crime, which was not denied by him in his statement to the jury. The general grounds of the motion for new trial were properly overruled.

The amended ground of the motion for new trial is simply an elaboration of the general grounds, it being stated that the verdict was contrary to the evidence, contrary to law, and without evidence to support it, in that there is no sufficient corroboration of the testimony of the female alleged to have been raped to justify or authorize a verdict of guilty. This ground of the motion for new trial is controlled adversely to the contentions of the defendant by the rulings announced on the general grounds.

The bill of exceptions in this case was certified to the Court of Appeals. The Supreme Court, and not the Court of Appeals, has jurisdiction. See *Morris* v. *State,* 179 *Ga.* 519 (176 S. E. 395).

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs specially, and Wyatt, J., who dissents.*

BELL, Justice, concurring specially. The prosecution in this case was based on the act of 1918, which expressly provides that no conviction shall be had on the "unsupported testimony of the female." In *Wright* v. *State,* 184 *Ga.* 62, 67 (190 S. E. 663), it was said in effect that under this statute there should be some evidence, direct or circumstantial, in addition to the testimony of the female, tending to identify the accused as the offender. I do not think that the evidence in the instant case was sufficient to meet this requirement. Nevertheless, the jury were authorized to find that such deficiency was supplied by the defendant himself, by the statement which he voluntarily made upon the trial. After hearing the prosecutrix testify that she had intercourse with him in November, 1944, and that he knew he was the father of her child, and after being told by his attorney that he had the right to make to the court and jury just such statement in his own behalf as he saw fit, "so just go ahead and speak out and tell them whether or not you had anything to do with that girl or not," the defendant made to the court and jury the following statement: "Ray Howard, I have seen him with her." This is all he saw fit to state.

In *Clonts* v. *State,* 18 *Ga. App.* 707 (2) (90 S. E. 373), it was said: "Though the defendant need not have made any statement whatever, the insufficiency in any particular of his voluntary statement might nevertheless be considered by the jury; and, from his own account of the occurrence and his failure to assert anything to the contrary, the jury were authorized to infer" that he committed the unlawful act charged. So, in the instant case, the defendant, having elected to make a statement, and having totally failed, as shown above, to deny the charge that had just been made against him by the prosecutrix in her testimony, the jury were authorized to consider such omission as an indication of his guilt, and as sufficient corroboration of her testimony.