## 36987. WILKINS v. THE STATE.

TOWNSEND, Judge. 1. The refusal of the court to direct a verdict cannot be made the subject matter of an assignment of error in the reviewing court. *Nalley* v. *State*, 11 *Ga. App.* 15 (7) (74 S. E. 567); *Johnson* v. *State*, 75 *Ga. App.* 581 (1) (44 S. E. 2d 149). Accordingly the special grounds of the motion for new trial are without merit.

2. On a trial for incestuous adultery or fornication, the marital status of the defendant is one of the elements of the crime (*Cook* v. *State*, 11 *Ga.* 53, 56 Am. D. 410), and should accordingly be supported by proof. However, in the absence of any breath of testimony connecting the defendant with any other woman, proof that his wife died leaving him a widower with three small children and that thereafter he raised the children and lived in his home alone with them and that no woman ever came to the house is sufficient to carry this burden.

3. On a trial for incest, the female is an accomplice whose uncorroborated testimony is insufficient to sustain a conviction. *Jennings* v. *State*, 13 *Ga. App.* 678, 680 (79 S. E. 756) and citations. Pregnancy of the unmarried prosecutrix, unless it be shown that such pregnancy resulted from the act of the defendant, does not constitute corroboration of the testimony of the prosecutrix. *Taylor* v. *State*, 110 *Ga.* 150 (5) (35 S.

E. 161). To warrant a conviction of felony on the testimony of an accomplice, it is necessary that the accomplice be corroborated, and the corroborating circumstances should be such as, independently of his testimony, to lead to the inference that the defendant is guilty. Facts which merely cast on the defendant a grave suspicion of guilty are not sufficient. *McCalla* v. *State*, 66 *Ga.* 346; *Callaway* v. *State*, 151 *Ga.* 342 (106 S. E. 577); *Langston* v. *State*, 153 *Ga.* 127 (3) (111 S. E. 561). See also *Yother* v. *State*, 120 *Ga.* 204 (47 S. E. 555); *Durden* v. *State*, 120 *Ga.* 860 (48 S. E. 315); *Taylor* v. *State*, 110 *Ga.* 150, supra; *Jennings* v. *State*, 13 *Ga. App.* 678, supra.

4. The evidence here was insufficient to corroborate the testimony of the prosecutrix that her father had been guilty of incestuous fornication.

The prosecutrix, a girl of 18 who had recently given birth to a baby, testified that her mother had died when she was an infant; that she had lived with her father and two brothers and had kept house for them; that her father never allowed her to visit anyone other than her two brothers who lived nearby and allowed nobody to come to the house; that he made her leave school when she became 16; that he had had intercourse with her since she was a small girl and she did not know this was wrong until she was about 15 years old; that she then left home with her twin brother and they stayed at the homes of other brothers; that she returned home upon her father's promise to cease having relations with her; that this promise was not kept and she became pregnant. As to all or most of her testimony other than that relating to the incestuous relations there was ample corroboration, but on the subject of the crime itself there was none. The prosecutrix never made any statements against her father until the baby was born, and before its birth she stated that the father was a boy who was in the service. An uncle testified to having seen the girl having relations with her brother, and another witness testified that the prosecutrix had confessed this fact to her and stated she was going to have to leave home. Evidence was offered that the father behaved oddly, that he stopped work and stared at women, that on one occasion he "peeped" at some children going to the toilet and on another held the "waist" of a little girl on a ladder, and that he often threatened to kill himself. None of these acts, however, in any manner connect the defendant with the particular crime

charged against him. Impeaching evidence introduced against the two witnesses who attempted to connect the brother with the crime was amply sufficient to authorize the jury to disbelieve these witnesses, but such impeachment is entirely without probative value so far as the charge against the defendant is concerned. It is argued that the defendant's statement to one of his sons that "he had rather it would be some colored fellow mighty near than whose it was," coupled with his failure to seek out and punish the guilty party, itself constitutes an indirect admission of guilt, but this statement and lack of action on the defendant's part is as consistent with the belief that his son was the guilty party as with the knowledge of his own guilt, and cannot by itself furnish that degree of corroboration required by law. The rule stated in *Chapman* v. *State,* 109 *Ga.* 157 (34 S. E. 369) and relied on by the defendant in error is that although slight corroborative evidence is sufficient, it must be enough to connect the defendant *with the crime.* The statement in *Rawlins* v. *State,* 124 *Ga.* 31, 60 (52 S. E. 1) that "the corroboration may be strong or it may be slight; but whether it is sufficient to connect the accused with the commission of the crime . . . is a question to be decided by a jury" does not mean that any circumstances, no matter how legally insufficient they may be, will serve as corroboration where a verdict of guilty has been returned. The defendant in error cites and relies upon *Rivers* v. *State,* 179 *Ga.* 782 (177 S. E. 564) and *Reed* v. *State,* 201 *Ga.* 789 (41 S. E. 2d 426) in both of which cases it appears to have been held that proof of the birth of a child satisfied the requirements of Code § 26-1304 providing for corroboration of the testimony of the prosecutrix in a statutory rape case. There the corpus delicti is sufficiently established as stated in the *Reed* case quoting the *Rivers* case, when there is "supporting testimony that the crime charged has in fact been committed by someone," and this, of course, is established by showing that an unmarried girl under the age of consent has given birth to a baby. See, however, in this connection the special concurrence of Mr. Justice Bell and note dissent of Mr. Justice Wyatt. In the crime of incest, which contains additional elements relating to consanguinity, the corpus delicti is not established merely by showing these facts, as held in *Taylor* v. *State,* 110 *Ga.* 150, supra. Accordingly none of the circumstances offered as corroboration, either con-

844

sidered separately or together, tend to raise more than a grave suspicion that the defendant is guilty of the offense charged, and they are not legally sufficient to sustain a verdict predicated thereon.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1958.

*J. Richmond Garland, W. W. Melvin, M. T. Hartman, III,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.