### 52623. NEEL v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of four counts of incest, four counts of aggravated sodomy, three counts of child molestation and four counts of statutory rape, the victims of which being his natural daughter and three of his stepdaughters.

1. Enumerated error 1 is the overruling of the defendant's motion to exclude from evidence, *as hearsay,* testimony of a police officer to the effect that a notebook — which the defendant had voluntarily and on his own initiative handed him and requested him to read —

contained, inter alia, a handwritten account of an incident in which the defendant's oldest daughter (not one of the alleged victims in the case sub judice) had gotten on top of the sleeping defendant and attempted to have sexual intercourse with him some years ago. The evidence was not hearsay from either the daughter or the defendant and thus not subject to the objection made.

2. Enumerated error 2 is the admission in evidence, at the end of the trial and over the defendant's objection on the grounds of relevancy and authenticity, of the above-mentioned notebook. Even assuming that the objections were valid, the admission of the evidence was harmless. Our review of the copy of the notebook in the record on appeal shows that it contains no admissions against the defendant's interest. (It was comprised largely of diary-type entries of various trips the defendant had taken with one or more of his children, followed by the notation, "No sex acts," and various incidents in which the children were allegedly discovered by him to be engaging in sexually promiscuous activities.) This enumerated error is without merit.

3. Enumerated errors 3 through 7 contend that the trial judge erred in failing to direct a verdict of acquittal sua sponte for the defendant on 14 of the 15 counts contained in the two indictments returned against him, based upon contended deficiencies in the state's proof of venue and corroboration.

" 'It is well settled that this court cannot and will not review matters that were not raised in the trial court and that are presented for the first time in this court. *Mallory v. State,* 230 Ga. 657 (2) (198 SE2d 677) [1973] and cit.' *Mayo v. State,* 132 Ga. App. 217 (2) (207 SE2d 697) [1974]." *Lindsey v. State,* 138 Ga. App. 377 (5) (226 SE2d 473) (1976). The alleged errors, not having been raised in the trial court by motion for directed verdict of acquittal or by motion for new trial, cannot be ruled on.

4. It was not error, as contended in enumerated errors 8 and 9, for the judge to reassure two of the defendant's stepchildren-alleged victims, during the cross examination of them by the defendant acting as his own attorney, that the court would protect them if they would answer the questions. These minor witnesses had testified

as to their fear of the defendant, and the judge's statements were justified in order to assure responsive replies to questions propounded to the witnesses, who were obviously fearful and reticent to answer truthfully in front of their stepfather-alleged assailant.

5. Enumerated error 10 is the failure to charge, without request, that the crime of incest is a type of crime which requires that the testimony of the female accomplice must be corroborated properly in order to warrant conviction. Although the present Code Ann. § 26-2006 (Ga. L. 1968, pp. 1249, 1299) contains no such requirement, the cases construing the former Code section, which also had no such requirement, engrafted this requirement to the statute. See, e. g., *Wilkins v. State,* 96 Ga. App. 841 (3) (101 SE2d 912) (1958) and cit.

Although the jury was properly charged as to this element in regard to the offenses of rape and statutory rape, such charge was not sufficient to meet the above stated requirement as to the separate, indicted offenses of incest. This enumerated error is meritorious.

6. Enumerated error 11 is the failure to charge, without request, that if the crime of child molestation was committed solely by an act of sexual intercourse, then the testimony of the female accomplice must be corroborated.

"In sex crimes generally, if the victim is able to *and does consent* to the crime, such person is an accomplice within the meaning of Code § 38-121, requiring corroboration of the testimony of an *accomplice.*" (Emphasis supplied.) *Curry v. State,* 87 Ga. App. 451, 452 (1) (74 SE2d 249) (1953) and cits.

The victims of child molestation in this case were *able* to consent to the crime, with the possible exception of one of the children, who was eleven years old at the time of the trial and testified that the defendant's sexual activities with her had been perpetrated for "a year or more," thus possibly making her under age ten at the time of the offense, hence unable to be an accomplice. See *Curry v. State,* supra, p. 452 and cits. Although there was ample evidence that the victims were all living in mortal fear of the defendant, that he had beat them and threatened them with punishment if they told of his sexual behavior toward them, and that they always protested his sexual

advances, crying, etc., so as to authorize a finding of no consent, the defendant was entitled to have the jury instructed as he contends, so that the jury might decide the issue of consent. This enumerated error is meritorious.

7. It was not harmful, if error, to fail to charge, without request, the provisions of Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267) (multiple prosecutions for same conduct). Although some of the proved acts constituted more than one offense, there was sufficient evidence of separate incidents of each offense so as to not amount to multiple prosecutions. See *Garrett v. State,* 133 Ga. App. 564 (1) (211 SE2d 584) (1974) and cits. Enumerated error 12 is without merit.

The judgment on the verdict must be reversed for the reasons explained in Divisions 5 and 6 as to the offenses of incest and child molestation. The judgment on the verdict for the offenses of statutory rape and aggravated sodomy are affirmed.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED OCTOBER 29, 1976 — REHEARING DENIED DECEMBER 8, 1976 — 

*Alexander, Vann & Lilly, John Turner Holt,* for appellant.

*H. Lamar Cole, District Attorney, Robert Blevins Royce, Assistant District Attorney,* for appellee.